# Hyrschfelder *v.* Keyser.

*The Power of a Partner over Partnership Property.*

1. *A partner can sell all the stock in trade in a single transaction.*—A member of a partnership has control of its property, and can sell the whole stock in trade by a single contract.

2. *A partner can not transfer partnership property in payment of his individual debts.*—One partner can transfer the property of the firm to its creditor in discharge of its indebtedness; but he has no authority to dispose of it in payment of his individual liabilities, when it is needed for the satisfaction of partnership debts.

3. *All errors will not cause a reversal.*—For an error without injury, a judgment will not be reversed.

APPEAL from the Circuit Court of Escambia.
Tried before the Hon. P. O. HARPER.
The facts are contained in the opinion.

HERRERT & BUELL, for appellant.—1. The court erred in permitting, against the objection of the plaintiff, this question to be asked : " How much did Keyser owe you in those transactions, before the partnership was created ?" and permitted the witness, Still, to answer, " from eight hundred to one thousand dollars." This was clearly irrelevant,—1 Brick. Dig. p. 780 § 100—and must reverse the judgment.

2. The charge was erroneous. It makes the case turn on whether Judge intended to convey title, when under the facts, he had no power to convey. It appears the conveyance was made to defeat the will of the other partner. This could not be done. It would be utterly void as to the firm. Story on Part. § 128, and authorities cited.

3. Moreover, the charge was an error, because no price was fixed for the timber ; and no evidence of what timber was sold at, was admitted. Neither the bill of sale, nor oral evidence showed it was all the timber in Mendenhall creek. The contract was not complete.—22 Ala. 675 ; 22 ib. 796.

S. J. CUMMING, for appellee.—1. In cases of the trial of the right of property, much latitude is necessarily allowed in the admission of evidence. But if the court erred in the admission of Still's testimony, it was error without injury as shown by the record.—51 Ala. 398.

2. The charge given by the court is a correct statement of the law and a proper construction of the bill of sale. The court can not take notice of a charge not contained in the record.

MANNING, J.—The contest between these parties is a trial of the right of property founded on a claim by appel- lee, Keyser, to a lot of sawed sticks of timber which had been seized by virtue of a writ of attachment sued out in February, 1871, by appellant as plaintiff, against one Still. Still was, it seems, personally instrumental in having the attachment issued against himself, and levied on the timber. The timber belonged to a partnership of which he was a member, of the firm-name of Still & Judge, who owned the saw-mill at which the sticks had been sawed : and the business of the firm from its beginning in December, 1868, had been kept up and its operations sustained, by advances from time to time made by Keyser under an agreement entered into with him, by which the timber, when sawed should be sent to him in Florida, to be sold for the repayment of himself and on account of Still & Judge.

There being a cessation in 1870, of the operations of the mill,—and some thirteen hundred sticks of timber (more or less) being afloat in the creek on which the mill was situated, in Escambia county, Alabama,—Judge, learning that his partner, Still, and appellant were taking steps to have a large portion of them seized under a writ of attachment to pay a debt his partner owed to appellant, went to Keyser, to whom the firm was indebted to an amount between $2,000 and $3,000, and executed to him in the firm name, a bill of sale of the timber ;—and the same was soon thereafter branded with the mark by which Keyser's ownership was indicated. Judge did not inform Still or the appellant, Hyrschfelder, what he had done ; though when he found them engaged in suing out an attachment at the house of a justice of the peace, to be levied on the timber, he told them he should go and inform Keyser in order that he might protect his interest in it. The attachment they were getting out when this declaration was made to them, was not levied ; but another was afterwards issued by the clerk of the Circuit Court of Escambia county, and levied on 559 sticks of the timber, though not until some time after the bill of sale was made and all the timber had been marked as Keyser's. The sticks thus levied on were claimed and obtained by him, and are the subject of this contention. The bill of sale was as follows:

"MILTON, FLA., January 6th, 1871.—For and in consideration of past advances and the further advance of one hundred dollars this day paid us, we hereby sell and deliver to William J. Keyser, thirteen hundred sticks of sawn timber (more or less), now in Mendenhall creek, below our steam-mill in Escambia county, Alabama.

"[Internal Revenue Stamp.]

"(Signed)          STILL & JUDGE."

The timber that came to the hands of Keyser in Florida, did not, when sold by him reimburse him by about $280; but some of the sticks did not reach him there, else,—he would have been overpaid by a small sum.

On the cross-examination of Still, who was a witness for plaintiff, Hyrschfelder, he was asked, in reference to dealings he had with Keyser before he became a partner with Judge: "How much did Keyser owe you in those transactions before the partnership was created?" to which he "answered from $800 to $1,000." The question and answer were each allowed against the objection and exception of appellant, Hyrschfelder. And it is here insisted that they should have been suppressed by the circuit judge for irrelevancy. It may be true that the question and answer were not relevant to the matter in issue; but we think it manifest that they could not have influenced the verdict of the jury injuriously to appellant, but rather the contrary; since the fact proved might seem to the jury to justify the endeavors of Still to prevent Keyser from receiving all the timber. And for error without injury, a judgment will not be reversed.

The only other error assigned is,—that "the court among other things charged the jury that the instrument read in evidence was on its face a legal and proper bill of sale, and if Keyser and Judge intended it to be and treated it as such, and it was founded on a sufficient consideration, it was valid and passed the title to the timber out of Still & Judge to Keyser, whether the price was agreed on or not, and that if no price was agreed on the law would infer that the market price was to be paid;"—which charge plaintiff excepted to.

In Perkins' Ed. of Collyer on Partnership, (§ 394) it is said: "In a very early case 'it was agreed by the court that the sale of one partner is the sale of them both;' and in more recent times the power of one partner to bind the firm by simple contract has been continually recognized in cases of sale of the partnership effects. It is within the general scope of partnership authority for one partner to sell and dispose of all the partnership goods in the orderly and regular course

[Grady v. Hall.]

of business. He may sell the whole stock in trade at once by a single contract." Moreover, each partner has a specific lien on the partnership stock, for moneys abstracted by his co-partner beyond the amount of his share.—Id. § 125. And of course, no partner can, without injustice to his co-partner, cause the partnership goods to be appropriated to his individual debts, when they are needed and ought to be applied to the payment of the partnership debts. These are entitled to priority of payment from that source, over the debts of the partners, as individuals.

Now, the timber which is the subject of this controversy had been manufactured for sale. It was intended to be floated to market to be sold; to be all disposed of together. And engagements had been made with Keyser, a creditor of the firm, which imposed it as a duty on each of its members to see to it that the timber should go to him. Judge did not, therefore, act in derogation. of the rights of his partner. Still, in making a bill of sale which while it might interfere with the direction the latter desired the timber should take, yet disposed of it so as to discharge his, as well as Judge's debt, and that a debt which was entitled to precedence. Judge having as partner the power to sell the timber to Keyser,—we think there was no error in the instruction given to the jury, to aid them in their view of the evidence upon which the verdict was to be founded.

Let the judgment of the Circuit Court be affirmed.