# Hamilton's Adm'r *v.* Blackwell.

*Bill in Equity by Creditor, to set aside Fraudulent Conveyance.*

1.  *Burden of proof, as to consideration of deed.*—Where a creditor files a bill to set aside, as fraudulent, a deed executed by his debtor, which recites the payment of a valuable consideration, the burden of proof is on the grantee, if the creditor's debt ante-dates the execution of the deed, to prove the payment of the purchase-money; or, if the deed was accepted in payment of an existing debt, to prove the existence and validity of such debt.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. R. S. WATKINS.

The bill in this case was filed on the 22d June, 1871, by Alexander Hamilton, against William H. Blackwell and Lucy S. Blackwell; and sought to set aside, as fraudulent in law, a deed by which said William H. Blackwell conveyed an undivided one-third interest in a tract of land, containing three hundred and twenty acres, to said Lucy S. Blackwell, who was his sister, and to subject said interest in the land to the payment of a debt which William H. Blackwell owed to the complainant. The complainant's debt was evidenced by a promissory note under seal, for $2,500, a copy of which was made an exhibit to the bill, and which was dated the 18th September, 1862, and payable in gold, or its equivalent, on the 1st January, 1864, to said Alexander Hamilton or order, with interest from date; and it was signed also by George Wilkinson and J. H. Jones, as co-makers with said Blackwell. The complainant brought suit on this note in October, 1865, and recovered judgment in May, 1871, against said Wilkinson and William H. Blackwell; and the bill alleged that neither of them had property sufficient to satisfy the judgment. The said tract of land had belonged to said William H. Blackwell and his two sisters, Lucy S. Blackwell, and Mrs. J. J. Wiggs, as tenants in common, each owning an undivided one-third interest; and the deed by which William H. conveyed his interest to his sister, Lucy S. Blackwell, was dated the 1st October, 1866, and recited, as its consideration, the present payment of $1500. The bill alleged that this deed was executed by said William H. Blackwell, "with the intent to hinder, delay, and defraud your orator in

(35)

the collection of his said debt." Answers under oath being required, the defendants filed separate answers, under oath, and each denied the charge of fraud. In reference to the consideration of the deed, William H. Blackwell answered: "On the 1st October, 1866, and long prior to that time, he was indebted to his sister, Lucy S. Blackwell, in more than $1,500, for money loaned, and for cotton and other things of value; and in consideration of his indebtedness to her as aforesaid, to the extent of $1,500, he sold and conveyed to her his interest in the said lands. He further states, that said sale and conveyance was a *bona fide* transaction in all respects, and in no way tainted with fraud; that the sale of said land was fair, and for a valuable and adequate consideration," &c. Lucy S. Blackwell answered: "Before and on the 1st October, 1866, W. H. Blackwell was indebted to this respondent in a large amount of money, expended and paid for him, at divers times, at his request, and for stock sold him, such as horses, &c.; also, for cotton sold and delivered, amounting in the aggregate, with interest thereon, to more than $2,500; and in consideration of said indebtedness, to the extent of $1,500, he sold and conveyed to this respondent his interest in said tract of land, which was one-third part thereof; and she insists that she had the right thus to collect her debt," &c.

On final hearing, on pleadings and proof, the chancellor held that the complainant had failed to establish the charge of fraud; and he therefore dismissed the bill. The appeal is sued out by the personal representative of the complainant, and the chancellor's decree is now assigned as error.

CABANISS & WARD, with D. P. LEWIS, for appellant.

R. O. PICKETT, *contra.*

STONE, J.—The record in this case shows that the debt, on which Alexander Hamilton recovered judgment against Wm. H. Blackwell, was contracted in 1862. The deed, under which Lucy Blackwell claims, was executed in October, 1866. No money was paid in the purchase; but the alleged consideration of the deed was a debt, past due, from Wm. H. to Lucy Blackwell, said to be much larger than the recited consideration of the deed—fifteen hundred dollars. On the clearly established fact, that the debt to complainant was older than the deed to Miss Blackwell, the burden was on her to show by proof that the debt from her brother to her, to the extent of fifteen hundred dollars, really existed; and,

this being the turning point in the present case, it becomes necessary to consider, to some extent, the testimony.

The defendant's proof consists of her own and Wiggs' depositions. Her own testimony, considered by itself, is far from satisfactory. Many of the items composing her claim, if not all of them, are vaguely stated, and chiefly from hearsay. She evidently misunderstood the nature and purpose of the first charge in her account—"one-third of amount paid, $1500—$500." If this item means any thing in the account, it is an averment that she had paid, for the three owners, $1500—probably in the purchase of the land; of which her brother owed her one-third, $500. When asked to explain this item, she, in her deposition, answers, "The fifteen hundred dollars claimed as due me, was paid for my brother's interest in the land in controversy." This is all the testimony offered in support of this charge; and if true, it shows that William H. was entitled to a credit of $1500 therefor, instead of being debited with $500, as he was. She swears she paid for her brother, to Peebles & Bro., $450, and through her brother-in-law, Wiggs, to Smith & Roberts, $157. Wiggs proves payments to these parties by Miss Blackwell, but fails utterly to prove they were made on account of Wm. H. Blackwell. And the witnesses Peebles and Smith testify that Miss Blackwell made payments to them on her own account; and the former exhibits her account, showing such payment by her, of $441. They have no recollection or memorandum of payments made by her on her brother's account; and their testimony tends strongly to show she never made such payments. Her testimony, of cotton and stock sold, in which she had an interest, is also vague, and entirely unsatisfactory. If her claim be just, she could have fortified it in many particulars. Her brother could have explained the items which she leaves in such great doubt; and no excuse is offered why his testimony was not taken.

On the other hand, it is shown, by all the proof, that Wm. H. Blackwell continued in the undisturbed possession of the land, as he had done before, up to the time when this bill was filed, more than four years after the deed was made to his sister; and the witnesses Pickett and High testify, that Miss Blackwell, just before the commencement of this suit, admitted her brother's ownership and right to control one-third of the land. We think there is a failure to prove a valuable consideration for the deed from William H. to Lucy Blackwell, and that the complainant in the court below is entitled to relief.—2 Brick. Dig. 23, §§ 122, 123, 124, 125; *Crawford v. Kirksey*, at the last term.

The decree of the chancellor is reversed, and a decree here

rendered granting the relief prayed by the bill. It is referred to the register to report to the Chancery Court the amount due complainant, with interest to the coming in of the report. All other questions are reserved for decision by the chancellor.

Reversed and rendered.

BRICKELL, C. J., not sitting, having been of counsel.