# Tutwiler *v.* Munford.

*Statutory Real Action in nature of Ejectment.*

1. *Recitals of deed, as to consideration.*—As against the antecedent creditors of the husband, or a purchaser at sheriff's sale under execution against him, the recitals of a deed to his wife are not evidence of the consideration as stated.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. GEO. H. CRAIG.

This action was brought by P. A. Tutwiler, against Thomas T. Munford and P. J. Knox, to recover the possession of a tract of land particularly described ; and was commenced on the 21st February, 1880. The cause was tried on issue joined on the plea of not guilty, and the defendants' possession was admitted. The plaintiff claimed under a purchase at sheriff's sale, on the 12th January, 1880, under executions and writs of *venditioni exponas* in several attachment cases against said Thomas T. Munford ; and he offered in evidence on the trial, as the bill of exceptions shows, the records of these judgments and executions, the notes on which the several actions were founded, and a deed for the lands executed to said Thomas T. Munford by Thomas W. Ormond. Ormond's said deed was dated March 5th, 1874, and was duly executed, attested and recorded. The several judgments against Munford were rendered in 1879, and were founded on debts contracted in 1873, 1874, and 1875. The sheriff's deed to the plaintiff, as the purchaser at the sale under the executions, was dated the 12th January, 1880, and was regular in form. The defendants read in evidence, without objection, a copy of the last will and testament of William H. Tayloe, deceased, who was the father of Mrs. Emma Munford, the wife of said Thomas T. Munford, with its probate ; and a "deed, or declaration of trust, from Thomas T. Munford to said Emma Munford," in the following words :

"This deed, made this 28th day of March, 1876, between Thomas T. Munford and Emma, his wife," &c., "witnesseth, that whereas the said Thomas T., by virtue of his marriage with his wife, has become possessed of a considerable estate, real and personal, which descended to her by will from her father, W. H. Tayloe, deceased, and a portion of which he, the said Thomas T., has converted to his own use, and

[Tutwiler v. Munford.]

invested the proceeds of the same in other property, *deeded* to him in fee; now, as well in consideration of the premises, as of a desire to deal fairly and justly with his said wife and her children now living, and any which may hereafter be born to them, the said Thomas T. and Emma, and the other children of the said Thomas T. Munford, born in a previous marriage, the said Thomas T. Munford doth covenant with the said Emma Munford, his wife, that he will stand seized of a certain tract of land in Hale county, Alabama," (afterwards described as the tract of land conveyed to him by Ormond,) "to the use of said Emma for life, with all the buildings," &c., "with remainder to her children now living, and any hereafter to be born to them, the said Thomas T. and Emma, in equal division in fee; the heirs of any one of the said children who may die before the said Emma receiving the share of their deceased parents. * * * The said Thomas T. Munford believes that he has converted to his own use, of the inheritance that descended to his said wife, the full value of the said farm, with all improvements and personal property thereon situated. And the said Thomas T. doth further covenant with his said wife, that he will carefully attend to the preservation and improvement of the said tract of land, and keep up the complement of horses, mules, plantation tools, and other stock, so as to preserve the said farm at its full value; that, in case his said wife shall desire to have the said tract of land sold, he will sell the same on the most advantageous terms, and invest the proceeds in such other property, real or personal, as she may direct, and will secure the title to the property so to be bought as trustee for his said wife, to be held for the uses set out in this deed. Witness the following signatures and seals.'"

This instrument was signed by the said Thomas T. and Emma Munford, but was not under seal; and its execution having been acknowledged by them, on the day of its date, before a notary public, in Lynchburg, Virginia, it was duly recorded in said county of Hale, on the 3d April, 1876. "This was all the evidence," and the court thereupon charged the jury, on the written request of the defendants, that they must find for the defendants if they believed the evidence. The plaintiff excepted to this charge, and requested a general charge in his own favor, which the court refused to give; and to its refusal he excepted. The charge given, and the refusal of the charge asked, are now assigned as error.

JAS. E. WEBB, and JAS. J. GARRETT, for appellant.

THOS. SEAY, *contra.*

STONE, J.—As against antecedent creditors, and those holding in their right, the recitals in the deed from Thomas T. to Emma Munford are not evidence of consideration. *Hamilton v. Blackwell*, 60 Ala. 545; *McCain v. Wood*, 4 Ala. 258; *Branch Bank v. Kinsey*, 5 Ala. 9; *Goodgame v. Cole*, 12 Ala. 77. Reversed and remanded.