| | |
|---|---|
| 72 | 151 |
| 93 | 99 |
| 93 | 335 |
| 93 | 493 |
| 72 | 151 |
| 94 | 409 |
| 72 | 151 |
| 99 | 643 |
| 72 | 151 |
| 100 | 152 |
| 101 | 630 |
| 72 | 151 |
| 141 | 626 |

# Lipscomb v. McClellan.

*Bill in Equity by Creditor to set aside Conveyance of Lands as Fraudulent and Voluntary.*

1. *Contents of transcript.*—The court criticises the manner in which the transcript in this case is made out, condemning the repetition of the record of a chancery suit twice copied, and declaring " there never was any occasion for making the opinion of this court in that case a part of the record."

2. *Levy of attachment on land; death of defendant before judgment.* When an attachment is levied on lands, the death of the defendant before judgment dissolves the attachment, and destroys the lien; and though the action is revived against the administrator, and judgment recovered against him, the lands can not be sold under execution issued on it.

[Lipscomb v. McClellan.]

3.  *Amendment of bill; takes effect when.*—An amendment which introduces no new subject, but only makes more specific the charges of the original bill, takes effect as of the day on which the original bill was filed.

4.  *Validity of conveyance assailed for fraud; burden of proof as to consideration.*—When a creditor attacks a conveyance on the ground of fraud, but does not deny or impeach the consideration as recited, he must aver and prove that the grantee had notice of the alleged fraudulent intent of the grantor, or participated in it; but, if he denies the consideration as recited, and alleges that the conveyance was in fact voluntary, the *onus* is on the grantee, as against antecedent creditors, to prove a valuable consideration sufficient to uphold it; and when the parties are near relatives, and the conveyance was executed while a suit was pending to subject the lands to the payment of the complainant's debt, the grantee must make it plainly appear, to the satisfaction of the court, that it was a real contract of sale, upon a real and sufficient consideration.

5.  *Adverse possession; what is, and how proved.*—To constitute a right by adverse holding, under the statute of limitations, there must be an actual possession, open and notorious: proof of a recorded deed, executed more than two years before the commencement of the suit, is not sufficient, without proof of possession taken and held under it.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The original bill in this case was filed on the 12th January, 1878, by Thomas J. McClellan, as a judgment creditor of Mrs. Sarah Lipscomb, deceased, or her estate, against John T. Lipscomb as her administrator, and also individually, and against the children and heirs-at-law of Mrs. Caroline W. Lipscomb, deceased, who was the wife of said John T. and the daughter-in-law of the said Sarah; and sought to set aside, on the ground of fraud, and as a cloud on the complainant's title, a conveyance of lands executed by Mrs. Sarah to Mrs. Caroline W. Lipscomb, and to subject the lands to sale for the satisfaction of the complainant's judgment. The said conveyance, a copy of which was made an exhibit to the bill, was dated November 23d, 1867, and was filed for record on 28th March, 1868; recited the payment of $2,000 as its consideration, and conveyed the lands to "the said Caroline W. Lipscomb and her heirs," who were also thus described as parties of the second part. The complainant's debt was evidenced by two bonds, or promissory notes under seal, each dated March 2d, 1860, and payable twelve months after date; each being signed by Sarah Lipscomb, John T. Lipscomb, and T. G. Lipscomb, as joint makers, or obligors. On October 2d, 1867, the complainant commenced a suit on these bonds, by attachment, against Mrs. Sarah Lipscomb alone; and the attachment was levied on the said lands afterwards conveyed to Mrs. Caroline Lipscomb. Mrs. Lipscomb died pending the suit, and it was thereupon revived against her administrator, but not against her heirs; and the complainant recovered a judgment against the administrator, on May 20th, 1872, for $2,476.90, besides costs. An execution

was issued on this judgment, and was levied on the same lands on which the attachment had been levied; and at the sheriff's sale under this levy, on March 3d, 1873, the plaintiff became the purchaser of the lands, at the price of $2,000, and received a deed from the sheriff. The plaintiff then brought an action at law to recover the possession of the lands, but was defeated; this court holding, on appeal, that the lien of the attachment was destroyed by the death of the defendant before judgment, and that the plaintiff acquired no title by his purchase at the sheriff's sale.—*McClellan v. Lipscomb*, 56 Ala. 255.

The bill alleged the creation and existence of the complainant's debt, the issue and levy of the attachment, with all the proceedings had in that suit, and the execution of the conveyance to Mrs. Caroline Lipscomb; and it also contained the following allegations: (*Par.* 6.) "Your orator further represents, that the levy of said attachment upon said lands, at his suit, created a lien in his favor upon the same for the satisfaction of his said debt, which afterwards passed into judgment; and that said lien is now subsisting and valid, and is superior to all subsequent conveyances or incumbrances whatever." (*Par.* 7.) "That the said deed, executed by Sarah Lipscomb to Caroline Lipscomb, after the levy of said attachment, was and is fraudulent and void, and said pretended conveyance was made for the purpose of hindering and delaying the creditors of said Sarah generally, and your orator specially, from and in the collection of their just debts against the said Sarah; that said deed was made after the levy of said attachment, and, should the lien of said attachment be declared and enforced, constitutes a cloud upon your orator's title to said land." (*Par.* 8.) "That the estate of the said Sarah Lipscomb is insolvent, and said land is the only property out of which your orator stands any chance to make his said debt; that said land is, and has been all the while, in the possession of said defendants, who are and have been using and enjoying the rents and profits thereof; and that the value of said land, which is certainly not more than $2,050 at the highest calculation, is greatly disproportioned to the amount of your orator's debt, which now amounts to nearly $3,500." The prayer of the bill was, "that the said deed made by Sarah to Caroline Lipscomb be declared fraudulent, null and void; that your orator's lien upon said land be declared and enforced; that said land be decreed to be sold for the payment and satisfaction of your orator's judgment; and for such other and further relief as the equity of his case demands."

A joint answer to the bill was filed by John T. Lipscomb, individually and as administrator, and Richard Lipscomb, who were the only adult defendants; admitting the execution of the conveyance by Sarah to Caroline Lipscomb, but denying that

[Lipscomb v. McClellan.]

it was fraudulent in fact or in law, and alleging that it was founded on a valuable consideration as recited, being a debt due from Mrs. Sarah to Mrs. Caroline Lipscomb for the hire of slaves, the amount due being ascertained on a settlement had between Mrs. Sarah and John T. Lipscomb, acting as trustee for his wife. They alleged that the complainant's purchase of the lands at the sheriff's sale had never been set aside, and pleaded the conclusiveness of a judgment at law refusing to set it aside on his motion. They alleged that Mrs Caroline Lips-comb, "immediately after the execution and delivery of said deed, entered upon said land, and took exclusive possession thereof, and received the rents and profits thereof, during her life; and after her death these defendants took exclusive posses-sion thereof, and have received the rents and profits thereof;" and pleaded their adverse possession for more than ten years, as a bar under the statute of limitations. They also demurred to the bill, for want of equity, and because the complainant's rem-edy, if any he had, was at law. A formal answer was filed for the infant defendants, by their guardian *ad litem.*

An amendment of the bill was filed on the 1st February, 1879, by adding a paragraph, numbered 7½, as follows: "Com-plainant alleges that said deed of Sarah Lipscomb to Caroline Lipscomb was without consideration. Said deed recites a con-sideration of $2,000. Complainant [avers] that the vendee in said deed did not pay the said vendor said two thousand [dol-lars], or any other sum, but that said deed was wholly volun-tary; and complainant further alleges, that said Caroline Lips-comb received said deed knowing that said Sarah made and ex-ecuted the same to hinder, delay and defraud her creditors, and especially your orator; and that it was agreed and understood between said Sarah and said Caroline that said Caroline would hold said real estate in secret trust for said Sarah." By another amendment of the bill, filed on the 9th July, 1879, the 8th par-agraph of the original bill was stricken out, and it was alleged that John T. Lipsomb and the sureties on his official bond as administrator were insolvent; that there were no assets belong-ing to the estate of Sarah Lipscomb, and the land conveyed by the deed was the only property out of which the complainant could collect his debt; that Mrs. Caroline Lipscomb died intes-tate, leaving no personal property; that the defendants were her only heirs at law and the distributees of her estate, and that no administration had been granted on her estate. The prayer of the amended bill was in these words: "Complainant further prays, that this his bill be taken in a double aspect, and that, on final hearing hereof, the lien of said attachment be de-clared and enforced, in favor of complainant, on this land; or that the conveyance from said Sarah to said Caroline Lipscomb

be declared fraudulent and void, and said land be subjected to the payment of complainant's said debt."

An answer to this amended bill was filed by John T. and Richard Lipscomb, on the 5th August, 1879 (the same day on which their answer to the original bill was filed), admitting that Mrs. Caroline Lipscomb left no personal estate, but alleging that she had a claim against Mrs. Sarah Lipscomb, "before the war, for the hire of negroes and money collected, amounting to nearly $2,000, which was a part of the consideration of said deed;" pleading the statute of limitations of ten years, and demurring to the amended bill because it was inconsistent with the original bill, and because it made a new and different case.

On the 10th January, 1881, the bill was again amended, by leave of the court in term time, by striking out the averment as to the insolvency of John T. Lipscomb and the sureties on his bond as administrator, and alleging the insufficiency of the bond; and this amendment further alleged, that the existence of the deed from Mrs. Sarah to Mrs. Caroline Lipscomb "was totally unknown to complainant till more than six months after the date thereof; that said Sarah held possession and control of said land until her death; that neither said Caroline, nor any one for her, took possession or control of said land until long after the death of the said Sarah;" and that said John T. Lipscomb was one of the makers of the notes or bonds held by the complainant, and had been insolvent since the close of the war. A joint answer was filed to this amendment, by "John T. Lipscomb et al.," denying the allegation of his insolvency, but admitting the other allegations, and again demurring for inconsistency and repugnancy.

On the same day (January 10th, 1881), the cause was submitted for decree, "on the pleadings and evidence, to be noted by the register, and depositions to be taken within sixty days." On the 21st February, 1881, an amended answer was filed by John T. and Richard Lipscomb, which is marked by the register "Allowed March 7th, 1881;" and in which they alleged, that the consideration of the conveyance to Mrs. Caroline Lipscomb was a debt due to John T. Lipscomb from his mother, Mrs. Sarah Lipscomb, for the price of land belonging to the estate of his deceased father, which she had bought but had not paid for, and that the conveyance was made to his wife at his instance and request.

The chancellor held, that, although the death of Mrs. Lipscomb, before the rendition of judgment in the attachment suit, destroyed the lien of the attachment, and the complainant acquired no title by his purchase at the sheriff's sale, yet his bill might be maintained as a creditor's bill to set aside a fraudulent

[Lipscomb v. McClellan.]

conveyance, he being a judgment creditor of Mrs. Sarah Lipscomb's estate, and a simple-contract creditor of John T. Lipscomb; that the consideration of the conveyance to Mrs. Caroline Lipscomb, as alleged in the answers of the defendants, original and amended, was not proved, and the deed must be regarded as voluntary, and therefore fraudulent and void as against the complainant; and that the complainant, having acquired no title by his purchase at the sheriff's sale, was not bound to credit his debt with the amount of his bid. He therefore rendered a decree, overruling the demurrers to the bills, original and amended, and the plea of the statute of limitations; declaring the deed a voluntary conveyance, and setting it aside, in favor of the complainant, as a simple-contract creditor of John T. Lipscomb; ordering a reference to the register, to ascertain the amount due on the complainant's debt, and a sale of the land in satisfaction thereof, unless the amount should be previously paid into court by some one of the defendants.

The appeal is sued out by all of the defendants, and errors are assigned by all jointly, and also by John T. Lipscomb separately; the assignments of error, eighteen in number, embracing the overruling of the demurrers to the bill, the overruling of the plea of the statute of limitations, and the final decree.

THOS. H. WATTS, and L. P. WALKER, for appellants.—(1.) The lien of the attachment, created by the levy, was destroyed by the death of the defendant before judgment.—*McClellan v. Lipscomb*, 56 Ala. 255: *Phillips v. Ash*, 63 Ala. 414. The statutory lien being thus defeated and destroyed, it could not be revived and enforced by a court of equity.—*Janney v. Buell*, 55 Ala. 408; *O'Conner v. Chamberlain*, 59 Ala. 431. The original bill, seeking to enforce the supposed lien, was, therefore, without equity. (2.) The original bill did not contain the necessary averments to set aside the conveyance to Mrs. Caroline Lipscomb as fraudulent. It alleged a fraudulent intent on the part of the grantor, but did not connect the grantee with that fraudulent intent; and this was clearly insufficient.—*Flewellen v. Crane*, 58 Ala. 627; *Pickett v. Pipkin*, 64 Ala. 520; *Crawford v. Kirksey*, 55 Ala. 293. (3.) The first amended bill remedied these defective allegations, and assailed the consideration of the deed; but neither that amended bill, nor the original bill, contained any prayer for relief to complainant as a creditor seeking to set aside a fraudulent conveyance; and that relief could not be granted under the general prayer, because it was inconsistent with the specific relief sought by the bill.— *Wiley, Banks & Co. v. Knight*, 27 Ala. 336; *Charles v.*

*DuBose*, 29 Ala. 367.   (4.) The second amended bill, which first asked, in the alternative, to have the deed set aside on the ground of fraud, was inconsistent with the original bill, and demurrable on that account.   If the original bill had been framed in a double aspect, asking such alternative relief, it would have been subject to demurrer.—*Micou v. Ashurst*, 55 Ala. 607; *Gordon's Adm'r v. Ross*, 63 Ala. 363.   (5.) Even if that amended bill were properly allowed, the statute of limitations was a bar to the relief specifically sought by it, since it was not filed until after the lapse of ten years from the execution of the deed, and more than ten years after the death of Mrs. Sarah Lipscomb, the grantor.—*King v. Avery*, 37 Ala. 169; *Lansford v. Scott*, 51 Ala. 557; *Mohr v. Lemle*, 69 Ala. 180. The statute of limitations was also a bar under the allegations of the original bill, which averred possession taken and held continuously under the deed; and these allegations were admitted and repeated in the answer.—*Lockard v. Nash*, 64 Ala. 385. The amendment afterwards allowed, averring ignorance of the deed for six months, did not avoid the effect of the bar.—*James v. James*, 55 Ala. 53; *Badger v. Badger*, 2 Wall. 87; 7 How. U. S. 819.   (6.) The decree against John T. Lipscomb is manifestly erroneous.   None of the bills asked any relief against him; there was no judgment at law against him; and the complainant's debt, on which his judgment against Mrs. Lipscomb's estate was founded, was barred, as to him, by the statute of limitations.

R. A. McClellan, *contra*.   (No brief on file.)

STONE, J.—The transcript in this cause was evidently prepared by an inexperienced hand.   One error in its preparation consists in the fact, that the answer to the first amended bill precedes the answer in chief to the original bill.   Other criticisms might be indulged, on the general frame of the transcript.   Another fault does not appear to lie at the door of the register.   What is known as the attachment suit and proceedings against Sarah Lipscomb, even including the opinion of this court pronounced on appeal, is made an exhibit to the original bill, with the single exception, that the complaint filed in that cause seems to be omitted.   A complete transcript of that cause appears a second time in this record, as evidence on the trial. This swells very materially the volume and expense of the transcript for this court, and should have been avoided.   There never was any occasion for making the opinion of this court a part of the record.

The bill as first framed, and first amended, presents complainant's claim in a double aspect.   First, it seeks to establish,

[Lipscomb v. McClellan.]

and enforce against the estate and heirs of Mrs. Sarah Lipscomb, the lien created by the levy of Mr. McClellan's attachment. Before that attachment suit was reduced to judgment, the defendant, Mrs. Lipscomb, died ; and the judgment was rendered only against her administrator. Under this judgment, or under any execution issued upon it, there was no power to sell the lands of Mrs. Lipscomb. Such sale would be, and was, void. *McClellan v. Lipscomb*, 56 Ala. 255; *Boykin v. Cook*, 61 Ala. 472. The death of Mrs. Lipscomb, before judgment recovered, had the effect of dissolving the attachment and destroying the lien.—*Phillips v. Ash*, 63 Ala. 414.

The other aspect of the bill is set forth in section 7 of the original bill, and section 7½ of the amended bill. The original bill was filed in January, 1878, and the first amendment was allowed at the January term, 1879, and filed in February, 1879. This amendment introduces no new subject, but only makes more specific the charge brought forward in the original bill. Such amendment takes effect as of the time the original bill was filed.—Rule 46 of Chan. Practice; 1 Brick. Dig. 704, § 953.

The original bill, section 3, avers that, on the 23d November, 1867, Sarah Lipscomb, by deed reciting a consideration of two thousand dollars, conveyed the lands in controversy to Caroline Lipscomb, wife of John T. Lipscomb. That deed is made an exhibit to the bill. Section 7 of the original bill alleges, " that the deed executed by the said Sarah Lipscomb to the said Caroline Lipscomb, after the levy of said attachment, was and is fraudulent and void, and said pretended conveyance was made for the purpose of hindering and delaying the creditors of said Sarah generally, and [the complainant] especially, from and in the collection of their just debts against the said Sarah." The debt on which the attachment was sued out, and which this bill seeks to enforce, was contracted March 2d, 1860, and was due at twelve months. It will be observed that, in the averments copied above, there is no denial of the consideration, upon which the deed purports to have been executed, nor is it averred that the said Caroline had notice of the alleged fraudulent intent with which Sarah Lipscomb made the conveyance, or that she participated in such fraudulent intent. This averment was insufficient.—*Flewellen v. Crane*, 58 Ala. 627.

In the amended bill, section 7½, this defect is remedied. Its language is : "The complainant alleges, that said deed of Sarah Lipscomb was without consideration. Said deed recites a consideration of two thousand dollars. Complainant [avers] that the vendee in said deed did not pay the said vendor said two thousand [dollars], or any other sum, but that said deed was wholly voluntary." This cast on the defendant the necessity of proving a valuable consideration ; and the transaction being be-

[Lipscomb v. McClellan.]

tween near relations, and entered into while a suit was pending to subject the property to the payment of the grantor's debt, to uphold it, it was necessary to prove the consideration to the satisfaction of the court, and to cause it plainly to appear that it was a real contract of sale, upon a real and sufficient consideration.—*Barnard v. Davis,* 54 Ala. 565; *Hubbard v. Allen,* 59 Ala. 283; *Crawford v. Kirksey,* 55 Ala. 293; *Hamilton v. Blackwell,* 60 Ala. 545; *Harrell v. Mitchell,* 61 Ala. 270; *Thames v. Rembert,* 63 Ala. 561; *Donegan v. Davis,* 66 Ala. 362.

The consideration for the present deed, set up in the original answer, was an alleged indebtedness from Sarah to Caroline Lipscomb. That defense entirely failed, both in fact and in law. At the last moment, the answer was amended, and the consideration set up was an alleged indebtedness, of very long standing, from Sarah Lipscomb to John T. Lipscomb. Neither John T., nor any other witness, undertakes to tell how much that indebtedness was; nor is there any satisfactory testimony, explaining the transaction. We concur with the chancellor in holding, that "neither of the defenses is sustained by the proof."

The defendants interposed, as a defense, the statute of limitations—that is, adverse holding under claim of right, for more than ten years before this suit was brought. True, more than ten years elapsed between the making of the deed—November, 1867—and the commencement of this suit, in January, 1878. But, to constitute a right by adverse holding, there must be an actual possession, open and notorious. A deed, though recorded, is not actual possession. There is no proof that either Caroline Lipscomb or her husband took actual possession of the land, until after the death of Sarah Lipscomb. This was less than ten years before this suit was brought. This defense fails on the proof.

It is not necessary to consider the other questions.

The decree of the chancellor is so amended, as to subject the lands to sale under the debt of Sarah Lipscomb, and not under the debt of John T. Lipscomb; and, as amended, it is affirmed.

BRICKELL, C. J., not sitting.