# Ellis *et als. v.* Allen, Bush & West.

|  80 | 515|
| 101 | 630|

*Action for Damages Against Sheriff and Sureties on Official Bond.*

1. *Sale of partnership's entire stock by one partner.*—The principle is settled, that a sale of all the goods of a mercantile partnership at once is in the course of trade, and a fair sale of all by a single contract by one partner is within the implied powers incident to the partnership relation.

2. *Same ; remedies of other partner, or of creditors.*—Fair dealing between partners requires that, before one undertakes to sell the entire stock, either for cash or in payment of a debt, he should consult the other, if conveniently accessible, no sudden, imperative exigency arising; the other may protect himself by forbidding the sale, or dissenting before it is complete; and if it is consummated without notice to him, and works any wrong or injury to him, he may obtain relief in equity; but if he acquiesces in it, or declines to dissent and enforce his equitable rights, a partnership creditor can not assail it except on grounds which would avoid a sale by the partnership.

3. *Same ; conditional sale and subsequent assent or ratification by other partner.*—If the sale was made subject to the condition that the other partner should assent to it, his assent or subsequent ratification must be shown ; but such assent or ratification may be either express or implied, and is a question for the jury, to be determined by a consideration of all the circumstances in evidence.

4. *Burden of proof as to consideration ; charge misplacing burden of proof.*—When an attachment is levied by a creditor on goods claimed by a purchaser from his debtor, and his debt antedates the sale or conveyance, the *onus* is on the purchaser to prove the consideration paid by him ; but, when the record shows that this was proved, and there was no conflicting evidence, a charge misplacing the burden of proof is error without injury.

5. *Measure of damages.*—In an action against a sheriff and his sureties, for levying an attachment against a third person on plaintiff's goods, there being no aggravating circumstances, the measure of damages is the value of the goods at the time they were taken, with interest to the day of the trial.

6. *Transfer of goods after levy.*—If the goods belonged to plaintiff, and were in his possession at the time the attachment was levied on them, his subsequent sale of them to a third person does not affect his right of action for the wrongful act.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

[Ellis et als. v. Allen, Bush & West.]

This action was brought by J. H. Allen, J. C. Bush and T. H. West, as partners under the firm name of Allen, Bush & West, against James E. Ellis, the sheriff of Conecuh county, and the sureties on his official bond, in which the plaintiffs seek to recover damages of the defendants for the alleged wrongful conduct of the sheriff in levying an attachment against Cooper & Herrington on goods belonging to plaintiffs. The record discloses that said Cooper & Herrington, merchants in Evergreen, Ala., were largely indebted to plaintiffs and to other creditors; that Herrington went to Mobile, and while there sold out all the partnership business of Cooper & Herrington to plaintiffs, without the knowledge or consent of his partner at Evergreen, in satisfaction of the debt of Cooper & Herrington to plaintiffs. There was a conflict of evidence on the trial of the cause as to whether Cooper subsequently ratified and assented to the sale made by Herrington. While the goods purchased by plaintiffs were in their possession they were levied on by the sheriff under a writ of attachment issued in favor of Mack, Stadler & Co. against Cooper & Herrington, and subsequent to this levy plaintiffs sold the goods to Bush & Finch. It was contented by defendants that this sale of Allen, Bush & West to Bush & Finch divested plaintiffs of all interest in the property, and that they were, therefore, without authority to bring this suit. A charge requested by the defendants in enforcement of this proposition was refused by the court. This action of the court, with a number of other grounds are assigned as error, on appeal.

Rice & Wiley and Bowles & Rabb, for appellants.—(No brief came into the hands of the Reporter.)

J. M. McKleroy and Stallings & Burnett, contra.—It is competent for one partner to dispose of the partnership funds as he pleases, so long as he is guilty of no fraud.—Sadler et al. v. Robinson's Heirs, 2 Stew. 520. It is shown by the record that Cooper & Herrington owed Allen, West & Bush more than the stock of goods and business sold them, was worth, and that it was in payment of this debt, without reservation of any interest to Cooper & Herrington. It is the right of each partner to have the partnership property applied to the payment of partnership debts.—Donelson's Adm'r v. Posey et al., 13 Ala. 752. If Cooper did not join in the bill of sale, he subsequently ratified what Herrington had done by recommending a suitable person to put in charge of the store, and by assigning the fire insurance policies to the transferrees. The measure of damages was the highest value of the goods from the time of the commission of the tort by the sheriff, and the failure of the

[Ellis et als. v. Allen, Bush & West.]

court to allow appellants to show the value of the goods at the time of the trial was not error. The sale of Allen, Bush & West to Bush & Finch can not affect the right of appellees to recover. Allen, Bush & West were only prevented from delivering the possession of the goods sold to Bush & Finch by the wrongful conduct of the sheriff in seizing the goods and keeping them in his possession.

CLOPTON, J.—The material question in this case relates to the validity of a sale of the stock of goods and store fixtures and furniture of the partnership of Cooper & Herrington. Allen, Bush & West, who are the plaintiffs, were merchants in Mobile and creditors of Cooper & Herrington. On a visit to Mobile, to which place he went for the avowed purpose of procuring money to pay creditors, who were pressing the payment of their claims, Herrington, on demand of the plaintiffs, sold them the entire stock of merchandise in part payment of their debt, without having consulted the other partner, who was then in Evergreen, the place of business. Had the sale been made by both partners, or by one with the consent of the other, in payment of an honest debt at a fair valuation of the property, without the reservation of a benefit, there would be no doubt of its validity, though it operated to exclude other creditors. The question, to what extent, and in what manner, one partner may bind the firm by a disposition of the partnership property, without the knowledge or consent of his co-partner, though examined and considered in many cases, has not been generally and conclusively settled in this country. The opinions and decisions of learned and eminent jurists are inharmonious. The question has most frequently arisen in cases of general assignments; and different authorities have based their affirmance or denial of the power on different grounds. Whether or not one partner may make a valid general assignment of the partnership property without the knowledge or consent of the other partner, and if so, of what character, and under what circumstances, it is unnecessary for us to decide. The present case involves a *sale*, and to this question we confine this opinion.

It is contended, that Cooper being accessible and capable of assenting and dissenting, Herrington had no authority to make the sale in Mobile without first consulting his co-partner. Conceding that he could sell by retail, it is insisted, that a sale of the entire stock to one creditor is an act out of the course of business, and without the scope of the partnership. The articles of co-partnership are not before us, and in their absence we must assume that each of the partners had the implied powers incident to the relation. The general power to sell is not restricted to the ordinary business of the partner-

ship of selling by retail goods purchased in large quantities. A principal purpose being to sell, if one partner has the power to sell the entire stock in small quantities, there seems to be no good reason, why he has not power to sell in large quantites or the whole at once, if there be occasion and opportunity. MARSHALL, C. J., speaking of a conveyance by one partner for the benefit of creditors, says : "Had this, then, been a sale for money, or on credit, no person, I think, could have doubted its obligation. I can perceive no distinction in law, in reason, or in justice, between such a sale and the transaction which has taken place. A merchant may rightfully sell to his creditor, as well as for money. He may give goods in payment of a debt. If he may thus pay a creditor, he may thus pay a large one. The *quantum* of debt, or of goods sold, can not alter the right."—*Anderson v. Thompkins*, 1 Brock. C. C. 456 ; *Arnold v. Brown*, 24 Pick. 89 ; *Whitton v. Smith*, 1 Freem. Ch. R. 231 ; Burr. on Ass'g't. 103.

Either partner may apply the money of the firm to the payment of any of the firm debts. If Herrington had authority to sell the entire stock of goods at once for cash and appropriate the money to the plaintiff's debt, he has like authority to sell them the goods in payment.—In *Cullman v. Bloodgood*, 15 Ala. 34, though admitting that Mr. Justice Story concedes, " it may well admit of some doubt whether the power extends to a general assignment of all the funds and effects of the partnership by one partner for the benefit of creditors," it is substantially said, that there is no conflict in the decisions as to the right of either of the partners, before dissolution, to apply the funds of the firm to the payment of one creditor to the exclusion of another.—In *Halstead v. Shepard*, 23 Ala. 558, it is said : " In ordinary partnerships, particularly those of a mercantile character, it is undoubtedly, true that, while the partnership is subsisting, one partner, acting within the scope of the ordinary business of the firm, has the right to sell and dispose of the property of the firm to the extent of the entire stock." And in *Hyrsch-felder v. Keyser*, 59 Ala. 338, a sale of partnership property, made to a creditor by one partner without the knowledge or consent of the other, was sustained ; MANNING, J., approvingly quoting from Collyer on Partnership that, " it is within the general scope of partnership authority to sell and dispose of all the partnership goods in the ordinary and regular course of business. He may sell the whole stock in trade at once by a single contract." From these cases, upon which, no doubt, attorneys have advised their clients, and parties have acted, we must regard as settled law in this State, that a sale of all the goods of a mercantile partnership at once, is

in the course of trade, and a fair sale of all by a single contract by one partner is within the implied power incident to the relation.

But just and open dealing between partners requires, that the co-partner, if conveniently accessible, and no sudden imperative exigency arises, should be consulted, before one partner undertakes to sell the entire stock, either for cash or to a creditor, in respect to which each has equal right and authority. When the power is so exercised, the transaction is, at least, open to suspicions of undue advantage.—In *Halstead v. Shepard, supra*, it is said : " If, therefore, one partner undertakes to dispose of the partnership effects to the injury and wrong of the other partners, equity will interpose to grant relief; and if the purchasers of such effects take them with notice of such fraudulent intent on the partner making the sale, they will be considered as parties to the fraud, and liable in equity with the fraudulent partner to refund to the remaining partners." But, when the sale is *bona fide*, and no wrong or injury is done to the other partner, there is no ground on which to question the *power*. In case of a disposition of the property, whereby wrong or injury results to the co-partner merely, the liability is to him ; and while it may be, that the firm creditors may avail themselves thereof by a proper suit in equity, having for its objects, marshalling the assets of an insolvent partnership, and subrogation to the lien and equity of the co-partner, as to which we express no opinion, a single creditor can not make available at law such wrong, unless it also constitutes a legal wrong to him as a creditor; and can not successfully avoid a sale made by one partner, when such sale, if it had been made by the firm, would not have offended his rights, the other partner acquiescing therein by declining to enforce the liability to him.

But though one partner may undertake to dispose of the partnership property, the other partner is not powerless. He may, protect himself by forbidding or dissenting before the sale is completed. The authority thus to dispose of the property rests on the rule, that each partner is the agent of the others when acting within the scope of the partnership, an implied power incident to the relation. The agency and the consequent implied power are revocable. When such authority is prohibited or qualified by the articles of co-partnership, and such stipulation is brought to the notice of the party dealing with the partner, or in the absence of such stipulation, due notice is given to such party, that the co-partner forbids or dissents—of the revocation of the agency before it is executed—such sale is not the act of, nor binding on the firm.— *Yeager v. Wallace*, 57 Penn. St. 365 ; *Leavitt v. Peck*,

[Ellis et als. v. Allen, Bush & West.]

3 Conn. 124; *Feighey v. Sponeberger*, 5 W. and S. 564. If it be true, as to which there seems to be no dispute, that Cooper refused to sign the conveyance or consent to the sale, when requested, its validity depends on subsequent ratification or assent.

In this connection may also be properly considered the contention of defendants, that the sale was conditional on Cooper's assent. If it be true, as to which the evidence conflicts, that Herrington refused to exercise his authority as a partner, and to make a sale without Cooper's assent, then there was no valid sale unless such consent was obtained. Whether or not the sale was absolute or conditional, and if conditional, whether or not Cooper assented, are questions of fact. The consent may be expressed or implied. Neither of the partners was examined as to these material questions, notwithstanding the plaintiff, who made the transaction, positively denied there was any condition. It was sought to overcome this denial by inferences to be drawn from circumstances. But whether the circumstances were sufficient or insufficient to disprove the statement of the witness, and to establish a conditional sale, were questions for the jury, not for the court. The court erred in not instructing the jury, as requested by defendants, that they were authorized to consider, on the question of an absolute or conditional sale, and Cooper's assent, all the circumstances occurring between the parties at the time, in connection with the testimony of the witness Bush, and the other evidence. While, it may be that if Cooper, after being fully and truly informed of the contents of the conveyance, and of the terms and character of the transaction, surrendered possession of the store and the goods, recommended a clerk, and assigned to plaintiffs the policies of insurance, this in law would be tantamount to a ratification and assent; the ascertainment of the facts should have been submitted to the jury.

The goods having belonged to Cooper & Herrington, the levy of the attachment was not wrongful and gave the plaintiffs no cause of action, unless they acquired title to the goods by a purchase valid as against the creditors of Cooper & Herrington, though the sale may not have been conditional, or it may have been ratified or assented to by Cooper. When it is shown that the attaching creditor's debt antedates the sale or conveyance, the burden is on the grantee to prove payment of an adequate and valuable consideration; in this case, the existence and validity of the debt in part payment of which the goods were taken.—*Hamilton v. Blackwell*, 60 Ala. 545. Notwithstanding, as the validity and existence of the plaintiff's debt and the adequacy of the consideration were proved by the

[Gassenheimer, Adm'r, v. Molton et al.]

witness Bush, and there was no conflicting evidence, a charge misplacing the burden of proof can not work injury, and will not of itself operate a reversal of the judgment.

The measure of damages, there being no aggravating circumstances, is the value of goods at the time they were taken, with interest to the day of the trial. There is no error in excluding evidence of the value at the time of the trial.

The attachment was levied before the sale of the goods to Bush & Finch. The goods were at the time of the seizure in the possession of plaintiffs; and if the taking was wrongful, the damage was done to them, and in them is the right of action.

Reversed and remanded.