# Kyle v. Perdue.

87　423
95　582
87　423
100　595

*Bill in Equity for Foreclosure of Mortgage, or Deed of Trust.*

1. *Written instrument operating partly as deed, and partly as will.* A written instrument in the form of a deed, signed by the grantor, attested by two witnesses, and probated as a deed; by which the grantor, reciting her physical incapacity to look after and care for her property, her desire to have it cared for during her life, to make pro-

vision for her comfort and welfare during life, and the further purpose of disposing of her property, and having the utmost confidence in the grantees, and for the further consideration of one dollar in hand paid by them, bargains, sells and conveys to them, by present words, all her property of every kind and description, to them and their assigns forever, "in trust nevertheless, and upon the uses and purposes hereinafter mentioned"—namely, to take charge of said property, collect and receive the rents and profits, keep the property in good repair, pay all taxes and other charges or assessments against it, and pay the residue to the grantor during life,—vests in the grantees a present right, interest, and legal title to all the property, but charged with a trust for the uses and purposes specified; although a subsequent provision is added, which is testamentary in its character, and can only take effect after the death of the grantor—namely, that after her death the property "shall revert" to the grantees in fee simple, in equal shares; and further, that in consideration of services rendered by them to her, and also one dollar in hand paid, she sells and conveys to them all the property of which she may die seized and possessed, "hereby revoking all other arrangements, either verbal or written, as to the disposition of my [her] property."

2. *Foreclosure of mortgage by trustee of tenant for life.*—As a general rule, when a person holds the legal title to property, charged with the duty of accounting for the rents and profits to a tenant for life, he is a trustee to that extent, and has no power to change the *status* of the property, except possibly in extreme cases, subject to the direction and approval of a court of equity; yet, where the widow and sole devisee of a deceased mortgagor, and grantor in a deed of trust in the nature of a mortgage, has conveyed all of her property to trustees, with a life interest in herself in the rents and profits after payment of taxes, repairs, &c., and a testamentary provision in their favor after her death, the trustees may maintain a bill to foreclose the mortgage, and the court may, if necessary to prevent danger from conversion of the trust fund, require proper security for the income during her life.

3. *Parties to bill.*—The trustee in a mortgage, or deed of trust in the nature of a mortgage, where the mortgage debt has been bequeathed and devised by the defendant mortgagee to his widow, and she has conveyed all of her property to trustees, charged with the payment of taxes, repairs, &c., and the residue of the rents and profits payable to herself for life, with a testamentary provision in favor of the trustees after her death, may join with the said trustees in a bill to foreclose the mortgage, against the widow and the mortgagor.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 8th February, 1887, by W. H. Denson as trustee, and R. B. Kyle and Sam. Henry, against Daniel Liddell and wife, and Mrs. Augusta E. Perdue, deceased; and sought to foreclose a mortgage, or deed of trust in the nature of a mortgage, which said Liddell and wife had executed to said W J. Perdue in his life-time, conveying a quarter-section of land as security for a note of $153.25, dated April 11th, 1884, and payable April 9th, 1886. W. J. Perdue died at a time not stated in the record, and his last will and testament was duly admitted to probate on the 19th January, 1885, by which he bequeathed

and devised all of his property, by very general words of description, to his widow, Mrs. Augusta E. Perdue, whom he appointed executrix, and relieved her of giving bond. Mrs. Perdue qualified as executrix, and on the 9th August, 1886, she executed an instrument of writing, a copy of which was made an exhibit to the bill, and which was in these words:

"State of Alabama, Etowah County: This indenture, made this 9th day of August, 1886, between Augusta E. Perdue, of the State and county aforesaid, of the first part, and R. B. Kyle and Sam. Henry, of said county and State, of the second part, *witnesseth*, that whereas the said Augusta E. Perdue, being in feeble health, but of sound mind, and unable to look after and care for her property, and being desirous of having her property cared for during her natural life, and to make provision for her comfort and welfare during her natural life, and for the further purpose of disposing of my property, real, personal and mixed, and having the utmost confidence in my friends, R. B. Kyle and Sam. Henry; now, therefore, in consideration of the sum of one dollar in hand paid by the said R. B. Kyle and Sam. Henry, the receipt of which is hereby acknowledged, hath this day bargained, sold, released, conveyed and confirmed, and by these presents doth bargain, sell, release, convey and confirm, unto the the said R. B. Kyle and Sam. Henry, all my property, real, personal, and mixed, together with the tenements, hereditaments, and appurtenances thereunto belonging, and the reversions, remainder, rents, issues and profits thereof; also, all the estate, right, title, interest, claim and demand whatsoever of the said party of the first part, in the above described property; to have and to hold, unto the said R. B. Kyle and Sam. Henry, and their assigns forever; in trust nevertheless, and upon the uses and purposes hereinafter mentioned, namely, first, to take charge of said property, take, collect and receive the rents, issues and profits thereof, and out of the proceeds to keep the said premises in good order and repair, and to pay all charges, taxes and assessments that may be imposed thereon, and pay the residue to Augusta E. Perdue during her life. And the said Augusta E. Perdue *do* by these presents hereby stipulate, and it is hereby understood, that at and after the death of the said Augusta E. Perdue, the property above mentioned shall revert to the said R. B. Kyle and Sam. Henry, in fee simple, and in equal shares; and for and in consideration of valu-

able services rendered to me by the said R. B. Kyle and Sam. Henry, and the further sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, I do hereby grant, bargain, sell and convey to the said R. B. Kyle and Sam. Henry all my property, real, personal or mixed, that I may die seized or possessed, together with all the tenements, hereditaments, and appurtenances thereto belonging; to have and to hold to the said R. B. Kyle and Sam. Henry, in equal shares, and to their assigns forever, less one-eighth of an acre each to be given to Ellen Anderson and Bookie Whorton. And the said R. B. Kyle and Sam. Henry are charged with the duty of, and are hereby fully authorized to lay off to Ella Anderson one-eighth of an acre of land, including the building now occupied by her, and one-eighth of an acre of land to Bookie Whorton, including the building now occupied by her, and to execute deeds in fee simple to each of them for said land; and I hereby revoke all other arrangements, either verbal·or written, as to the disposition of my property. In witness thereof, I have hereunto set my hand and seal, the day and date above written. Erasures on the 19th and 20th lines of second page made before signing." (Signed by Mrs. Perdue, under seal, attested by two subscribing witnesses, and admitted to record as a deed, December 7th, 1886, on proof by one of the subscribing witnesses.)

The bill alleged that the complainants had never had possession of the note secured by the mortgage, and had not been able to find it after diligent search; and that Kyle and Henry had requested Denson, in writing, to foreclose the mortgage. Mrs. Perdue was made a defendant both individually and as executrix, and she filed a demurrer to the bill, assigning numerous grounds. The chancellor sustained the demurrer, on these grounds: 1st, that the written instrument was testamentary in its character, and gave the complainants, Kyle and Henry, no present or vested interest in the property; 2d, that, even if the instrument operated as a deed, the interest or estate conveyed to Kyle and Henry was charged with certain trust duties, and the bill did not show that they had ever accepted the trust; 3d, that, even if they had accepted the trust, they had no right to foreclose the mortgage, thereby changing the *status* of the property, against the consent of the grantor. The complainants appeal from this decree, and here assign it as error.

Liddell and wife made no defense to the suit, and by

[Kyle v. Perdue.]

written agreement, entered of record in this court, consented that the case might proceed as if a decree *pro confesso* had been entered against them.

W. H. DENSON, and WATTS & SON, for appellants.—(1.) The writing executed by Mrs. Perdue to Kyle and Henry, though some of its provisions may be regarded as testamentary, is in form and purpose a deed, and conveys to the grantees, for valuable consideration, a present estate and interest; vesting in them the legal title to the property, but charged with certain trusts.—*Golding v. Golding*, 24 Ala. 122; *Strong v. Gregory*, 19 Ala. 146; *Pollard v. Maddox*, 28 Ala. 321; *Comer v. Bankhead*, 70 Ala. 136; *Bryant v. Bryant*, 35 Ala. 315; *McPherson v. Harris*, 59 Ala. 620; *Evington v. Smith*, 66 Ala. 398; *Mason v. Ala. Iron Co*, 73 Ala. 270; *Campbell v. Gilbert*, 57 Ala. 569; *Jenkins v. Cooper*, 50 Ala. 419; *Kyle v. Bellenger*, 79 Ala. 516; *Bryant v. Stephens*, 58 Ala. 636; *Rice v. Rice*, 68 Ala. 216; *Daniel v. Hill*, 52 Ala. 430; *Trawick v. Davis*, 85 Ala. 342; *Hall v. Burkham*, 59 Ala. 349; *Jordan v. Jordan*, 65 Ala. 301; *Elmore v. Mustin*, 28 Ala. 309; *Bolman v. Overall*, 80 Ala. 451; *Nelson v. Manning*, 53 Ala. 549. (2.) If the latter provisions of the instrument are inconsistent with the former, the former must prevail.—*Petty v. Boothe*, 19 Ala. 634; *Gould v. Womack*, 2 Ala. 83; 12 N. W. Rep. 382; 4 Greenl. Cruise, pp. 300-07. (3.) The filing of this bill shows a sufficient acceptance of the trust.—80 Ala. 165. (4.) The proper parties are joined.—*Hitchcock v. U. S. Bank*, 7 Ala. 425; *Owen v. Bankhead*, 76 Ala. 143.

DORTCH & MARTIN, *contra*, contended (1) that the instrument was testamentary; (2) that, if it could operate at all as a deed, it showed only a voluntary executory trust, which a court of equity would not enforce; (3) that it gave Kyle and Henry, as trustees, no power to foreclose the mortgage; (4) that it was void for uncertainty. They cited 2 Ala. 152; 6 Ala. 631; 35 Ala. 628; 42 Ala. 365; 65 Ala. 305; 28 Ala. 313; 5 Amer. Rep. 530; Perry on Trusts, 436.

STONE, C. J.—The points at issue in this cause arise mainly out of a written instrument, bearing date August 9, 1886, and signed by Augusta E. Perdue. One of the controverted questions is, whether that instrument is a deed or a will. It was drawn manifestly by an inexperienced draughtsman. The reporter will set it out *in extenso.*

The conveyance has many of the characteristics of a deed of bargain and sale. It twice recites a consideration. In one place, the language is, "in consideration of the sum of one dollar in hand paid by the said R. B. Kyle and Sam. Henry, the receipt of which is hereby acknowleged." In the other place, the recital is, "for and in consideration of valuable services rendered to me by the said R. B. Kyle and Sam. Henry, and the further sum of one dollar to me in hand paid, the receipt of which I do hereby acknowledge." Now, each of these recitals is of a consideration deemed valuable in the law, as distinguished from one merely good. Each would authorize proof of other valuable consideration in aid of it; and each is sufficient to uphold a conveyance, when not assailed by creditors.—*Houston v. Blackman*, 66 Ala. 559; *Tutwiler v. Munford*, 68 Ala. 124. The instrument has many other properties of a deed. The following are some of them: "Hath this day bargained and sold, released, conveyed and confirmed, and by these presents doth bargain, sell, release, convey and confirm" &c. "To have and to hold unto the said R. B. Kyle and Sam Henry, and their assigns forever; in trust nevertheless, and upon the uses and purposes hereinafter mentioned, namely: First, to take charge of said property, to take, collect and receive the rents, issues and profits thereof, and out of the proceeds to keep the said premises in good order and repair, and to pay all charges, taxes and assessments that may be imposed thereon, and pay the residue to Augusta E. Perdue during her life." There are many other expressions and clauses which properly pertain to deeds, and do not to wills.

Under the instrument, Kyle and Henry are to take charge of the property, collect the rents, and look after the taxes and repairs—all in the life-time of Mrs. Perdue. This gives to the instrument a large operation during the life-time of the maker, and stamps it a deed, not a will. We have so often and so recently considered the differences which distinguish the one instrument from the other, that we consider it unnecessary to repeat them.—*Trawick v. Davis*, 85 Ala. 342; *Sharp v. Hall*, 86 Ala. 110; *Griffith v. Marsh*, 86 Ala. 302; s. c., 5 So. Rep. 569; *Elmore v. Mustin*, 28 Ala. 309; *Jordan v. Jordan*, 65 Ala. 301.

We hold, then, that Mrs. Perdue's conveyance vested in Kyle and Henry, at the time of its execution, the title to the property she then owned; but the title was received by them

[Kyle v. Perdue.]

clothed with a trust, and that trust was so stamped upon it
in the face of the title-papers, that it would follow the prop-
erty into whose hands soever it might go.   The trust was,
that they should have power to collect the rents, issues and
profits, pay the taxes, and keep up the repairs; and any excess
of rents, issues and profits beyond this, they were bound to
account for and pay to Mrs. Perdue.   That was absolutely
hers.   And if any of the profits accruing to her under this
provision, or any property in which it may be invested,
should remain undisposed of, or unconsumed at the time of
her death, this will have become property of her estate, and,
possibly, will not vest in Kyle and Henry, by virtue of the
conveyance as a *deed*.   The clause of the instrument in
reference to such remaining income and profits can, prob-
ably, take effect only as a testament.—*Kinnebrew v. Kinne-
brew*, 35 Ala. 628.

We have shown above that the title to all the property
which Mrs. Perdue owned at the time she executed the
instrument, vested at once in Kyle and Henry, incumbered
with a trust during the life of the grantor.   Of what that
property consists, save the single item involved in this suit,
we are not informed.   The general rule is, that one who
holds property charged with the duty of accounting to
another for the income and profits, is to that extent a trustee,
and subject to the disabilities, of a trustee.   He has no
power to change the *status* of the property, except, possibly,
in extreme cases, subject to the approval and direction of
the Chancery Court.—2 Pom. Eq. §§ 1062, 1065, 1067.

When Mrs. Perdue executed the deed, she, under the pro-
visions of her husband's will, had become the owner of a
debt due from Liddell, secured by a trust deed on land, in
which Denson was named the trustee.   The debt was due
and payable April 9, 1886, and the trust deed provides,
that should any part of said debt remain due and unpaid at
maturity, then, upon the written request of Perdue, the payee
of the note, his agent or attorney, Denson, the trustee, was
required to take possession of the land, and, after advertising,
sell the same and pay the debt.   The present bill was filed
in February, 1887, and avers that Kyle and Henry, claiming
to be owners of the debt and its security, had notified Den-
son, in writing, to foreclose the deed and collect the money.
The bill is filed in the name of Kyle, Henry and Denson as
complainants, and makes Liddell and wife and Mrs. Perdue,
defendants.   Liddell and wife offered no defense to the suit.

[Kyle v. Perdue.]

Mrs. Perdue demurred to the bill, and the chancellor sustained the demurrer, holding that Kyle and Henry have no power to foreclose the trust deed, or mortgage.

A mortgage of land to secure the payment of a debt, creates a peculiar estate. While it vests a legal title in the mortgagee, upon which he can maintain an action at law against the mortgagor, it does not make him a freeholder. On his death, it does not descend to his heir, as land held by him in absolute right descends. The naked legal title may descend to the heir; but the latter receives and holds it, not as his own property, but as security for the debt, which is payable to, and demandable by the personal representative. When the debt is paid, the purposes of the mortgage are accomplished, and the right to the land (but not always the title) revests in the mortgagor, who has all the while been, as to the whole world, except the mortgagee, the freeholder, entitled to all the rights and privileges which freehold confers.—3 Brick. Dig. 645, § 177. Mrs. Perdue's property, then, was not the land conveyed by Liddell's mortgage. It was Liddell's debt, secured by the mortgage or trust deed.

The loan of money on mortgage security, the debt having a long time to run, as simply an interest-bearing investment, has not been common with us. We find nothing in the Liddell mortgage which induces us to think such was the intention in this case. We regard it as an ordinary debt from Liddell to Perdue, secured by a deed of trust on land. It gives to Perdue, the beneficiary, neither title to the land, nor the right to take possession of it. It gives to Denson, the trustee, the right to take possession after default, but only on written request, and for the purpose of sale under the power in the trust deed. Nothing is said about default in payment of interest. That the debt, if uncollected, would increase, goes without saying; and we have nothing from which to infer the security would increase in value. On the face of the proceedings, the debt appears, *prima facie*, to be of a class which it is safest to collect, rather than indulge; and we fail to find anything tending to show that Kyle and Henry are abusing the trust or powers the deed confers upon them. If there be danger or risk in allowing them to convert a *chose* in action into money, the chancellor can provide against that, by requiring security, or so securing the fund as that Mrs. Perdue shall enjoy its income for her life. *Dunham v. Milhous*, 70 Ala. 596.

[Dudley v. Collier & Pinckard ]

There is no misjoinder of parties complainant.—*Hitchcock v. U. S. Bank*, 7 Ala. 386.

The chancellor erred in sustaining the demurrer to the bill as amended.

Reversed and remanded.