# Wells et al. v Watson.

*Statutory Action of Ejectment.*

1. *Recitals of deed as evidence of consideration.*—As against an antecedent judgment creditor, claiming as purchaser at a sheriff's sale under execution issued on his judgment, a recital in a deed from the judgment debtor to a third party is no evidence of the payment of a valuable consideration by the grantee therein, and, unaided by other evidence, is insufficient to sustain the conveyance against the purchasing creditor.

[Wells et al. v. Watson.]

Appeal from the Circuit Court of Covington.

Tried before the Hon. John P. Hubbard.

This was a statutory action of ejectment brought by the appellee against the appellants. There was judgment for the plaintiff, and defendants appeal. All the facts are sufficiently stated in the opinion.

B. H. Lewis, for appellants.

J. D. Gardner, contra.

STONE, C. J.—This was a statutory real action, instituted in 1890 by Watson against Chandler and Dozier Wells, for the recovery of the land described in the complaint. Defendants disclaimed as to one of the subdivisions, and as to this part of the tract there was no contest. As to the other part of the tract they pleaded not guilty, which, under our statute, was an admission that they were in possession. As to this latter parcel the only question was, which party had the better title?

Watson made title as follows : At the spring term, 1879, of the circuit court of Crenshaw county, Alabama—a county adjoining Covington—he, Watson, recovered a judgment against Levi Wells and Lizzie Wells for $824. On this judgment executions were issued and placed with the sheriff at the following dates, sometimes in Crenshaw county, and sometimes in Covington county, that is to say: On March 27, 1879; May 30, 1885; November 30, 1887; May 17, 1888. On some of these executions partial collections were made, and others were returned no property found. No question is raised on the *bona fides* of this debt; and that in large part it remained unsatisfied. On May 17, 1889, an *alias* execution was issued and placed in the hands of the sheriff of Covington county, under which he levied on the lands in controversy ; and having advertised them for sale, he sold the same at the court house door of said county, Ezekiel Watson, appellee, became the highest bidder, and was declared the purchaser. He received the sheriff's deed, which was put in evidence.

The title of defendants consisted of a deed executed by L. T. and Lizzie A. Wells, bearing date November 15, 1887, by which they conveyed the lands to M. D. Wells, on a recited consideration of $600. There was no proof

offered for M. D. Wells that he paid, or promised to pay, the purchase money, save the recital in the deed. The question raised was, whether that recital in the deed was sufficient to sustain the conveyance against the claim of an antecedent creditor of Levi and Lizzie Wells. The circuit court ruled that it was not, and Watson had judgment for the recovery of the land. That ruling of the court is assigned as error, and this presents the sole question for our consideration.

In *Ellis v. Allen*, 80 Ala. 515, 2 So. Rep. 676, this court said: "When it is shown that the attaching creditor's debt antedates the sale or conveyance, the burden is on the grantee to prove payment of an adequate and valuable consideration." In *Hamilton v. Blackwell*, 60 Ala. 545, we said: "On the clearly established fact, that the debt to complainant was older than the deed to Miss Blackwell, the burden was on her to show by proof that the debt from her brother to her, to the extent of fifteen hundred dollars, really existed." In *Tutwiler v. Munford*, 68 Ala. 124, we employed this language: "As against antecedent creditors, and those holding in their right, the recitals in the deed from Thomas T. to Emma Munford are not evidence of consideration." See also *Lipscomb v. McClellan*, 72 Ala. 151; *Calhoun v. Hannon*, 87 Ala. 277, 6 So. Rep. 291; *Thorington v. City Council*, 88 Ala. 548, 7 So. Rep. 363; *Dollins v. Pollock*, 89 Ala. 351, 7 So. Rep. 904, and authorities cited.

There is no error in the record.

Affirmed.