# Hall *v.* Cook.

### *Assumpsit.*

1. *Partnership; contracts joint and several.*—Under the statutes of this State, the promises, contracts and obligations of partnerships, whether written or verbal, given within the scope of the partnership dealings, are the promises, contracts and obligations of the partnership, and of each and every member thereof.

[Hall v. Cook.]

2. *Same; members of may be sued as individuals.*—A creditor may sue one or all the members of a partnership, on a debt contracted in the firm name, and may declare on the demand as the individual liability of the partner or partners sued.

APPEAL from DeKalb Circuit Court.

Tried before Hon. L. F. Box.

This was a suit by Bolivar H. Cooke against Oliver L. Hall, Alexander H. Mackey and Luther C. Hall, on an account for goods, wares and merchandise sold and delivered to the defendants by the plaintiff, and was tried on the plea of the general issue. On the trial the depositions of the plaintiff and another witness examined on his behalf, taken upon interrogatories, were offered in evidence by the plaintiff. In the interrogatories propounded to the plaintiff, he was asked, whether there was any thing due to him from Hall, Mackey & Co., and if so, how much, and for what it was due. To this question he answered, in substance, that they owed him $140.50 for goods sold and delivered to them by him. To the question and answer the defendants objected, on the ground that the question "called for an indebtedness due from Hall, Mackey & Co., and the answer purported to prove an account due from Hall, Mackey & Co., and not these defendants," and that, therefore, there was a variance between the proof offered and the allegations of the complaint. On the statement of the plaintiff, that he would show that the defendants were members of the firm of Hall, Mackey & Co., the court overruled the defendants' objection and allowed the answer to be read to the jury, and the defendants excepted. Other objections of like character were made by the defendants to other interrogatories propounded to the plaintiff and the other witness, and their answers thereto, which were also overruled by the court, and exceptions reserved to the rulings of the court thereon by the defendants. The plaintiff afterwards proved that his attorney presented the claim sued on to the defendants, "who were members of the firm of Hall, Mackey & Co., and they each admitted the justness of the amount of the claim." The depositions read in evidence also tended to prove the correctness of the account sued on. The defendants offered no evidence. The court charged the jury at the request of the plaintiff in writing, that it was sufficient if the evidence showed that the defendants were members of the firm of Hall, Mackey & Co. To the giving of this charge the defendants excepted. The giving of this charge and the rulings of the Circuit Court on the evidence are here assigned as error.

McSPADDEN & CARDON, for appellants.

[Hundley v. Yonge.]

L. A. Dobbs and Dunlap & Dortch, *contra.*

STONE, J.—Under our statute, Code of 1876, § 2904, when there are "two or more persons associated together as partners in any business or pursuit, who transact business under a common name, whether it comprise the names of such persons or not, . . . . any one of the associates, or his legal representative may be sued for the obligation of all." The effect of our statutes is to make the promises, contracts and obligations of partnerships, given within the scope of their partnership dealings,. the promises, contracts and obligations of the partnership, and of each and every member thereof. The contract itself makes it joint, and our statute makes it also several. This, because when the promise is given, or obligation entered into within the scope of the partnership dealings, it is alike the contract or obligation of all, and of each member of the firm. Such promise need not be in writing, unless it is of the nature which the law requires to be in writing. And joint contracts may be made, with or without writing. In *McCulloch v. Judd,* 20 Ala. 703, it was said: "A creditor may sue one or all the members of a firm, on a debt contracted in the firm name, and may declare on the demand as the individual liability of the partner or partners sued."

We find no error in this record, and the judgment of the Circuit Court is affirmed.