| 88 | 312 |
|----|-----|
| 93 | 463 |

# Apfel *v.* Crane, Boyleston & Co.

### *Statutory Claim Suit for Goods.*

1. *Exhibits to deposition.*—Papers or written documents inclosed in the same envelope with a deposition, but not therein referred to and described by identifying marks, can not be regarded as a part of the deposition, and are not admissible as evidence for any purpose.

2. *Sale of goods attacked for fraud; burden of proof; possession as evidence of title.*—When plaintiff in execution has proved the existence of his debt, and the possession of the goods by the defendant in execution four or five days before the levy, the *onus* is devolved on the claimant to prove a valid title in himself at the time of the levy; and this he can only do by showing a purchase—that he bought and paid a valuable consideration for the goods prior to the levy.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellees in this case, as suing partners, obtained a judgment in a justice's court, on the 7th January, 1884, against Jacob Broda; and an execution on this judgment was issued on the same day, and levied on a small lot of goods, consisting of shoes, sheeting, &c., found in the store in which Broda had then lately been carrying on business. A claim to the goods was thereupon interposed by Nathan Apfel, and a bond given for a trial of the right of property; and the cause being removed by appeal into the Circuit Court, an issue was there made up under the direction of the court. "On the trial," as the bill of exceptions recites, "the plaintiffs introduced their execution, and proved the levy thereof on the goods in controversy. There was evidence tending to show that the goods were, at the time of the levy, and four or five days prior thereto had been, in the possession of the claimant, and were claimed by him during all that time; that he purchased the same, prior to the levy, a portion from the defendant in execution, and a portion from S. R. Apfel, claimant's father, who, prior to that time, had purchased them from said Broda, as the evidence tended to show. The plaintiffs offered evidence tending to show the insolvency of said Broda at the time of said sales, and tending to impeach the *bona fides* of said sales;" and in this connection they proved that the stock of goods so sold by Broda were worth about $2,000, and were bought by him from

[Apfel v. Crane, Boyleston & Co.]

plaintiffs and others; that the claimant was a young man without visible property or means, was the brother-in-law of Broda, and acted as clerk in his store; that the goods remained in the same store after the sale, a part being rapidly disposed of by the claimant, and a part sent to New York; and that the goods levied on were pointed out to the sheriff as a part of the stock.   The claimant offered in evidence his own deposition, in which he testified as to the purchase of the goods from Broda by himself and his father, in payment of existing debts; and it was admitted without objection. He then offered in evidence, "in connection with said deposition, two paper writings purporting to be bills of sale from said Broda, one to said claimant, and the other to S. R. Apfel, with the transfer by him to claimant;" and he proposed to prove "that they came with said deposition, sealed up in the same envelope."   The court excluded this evidence, on motion, and the claimant excepted.   He then proved Broda's signature to said bills of sale, and again offered them in evidence, "as a part of said deposition, and independently, as the act of said Broda."   The court refused to admit them as evidence for any purpose, and the claimant excepted. The court charged the jury, on request of the plaintiffs, "that if they believed from the evidence that Broda had owned and been in possession of the goods, up to and within four or five days before the levy, then the plaintiffs were entitled to recover, unless the claimant showed that he bought and paid for the goods."   The claimant excepted to this charge, and he here assigns it as error, with the rulings on evidence above stated.

GEO. P. HARRISON, Jr., for appellants.

A. & R. B. BARNES, contra.

SOMERVILLE, J.—1.   The two bills of sale purporting to be executed by Broda—the one to Nathan Apfel, the claimant, and the other to his father, S. R. Apfel—were properly excluded from the jury.   They were no part of the deposition of the claimant, although inclosed·in the same envelope with it.   They had no marks of identification on them, and no description was given of them in the deposition by way of reference, such as would constitute these documents exhibits to the deposition.   To admit in evidence important papers of this nature, with so great lack of cer-

tainty in identification, would be productive of great loose-ness of practice, and of manifold frauds in testimony.

There was still another reason which justified the ex-clusion of these bills of sale, even after the signature of the grantor was proved. It did not appear, either from the face of the papers, or from any other evidence offered, that they covered or transferred the property in controversy. We may go further, and say, that nothing appears in the evidence from which this could be inferred by the jury.

2. The plaintiffs in execution made out a *prima facie* case, when they proved the existence of their debt, and that the defendant in execution, Broda, was in possession of the property in controversy. The *onus* was then devolved on the claimant to establish a valid title in himself as against the plaintiffs.—*Jones v. Franklin*, 81 Ala. 161; *Foster v. Goodwin*, 82 Ala. 384. This could be done only by showing a purchase of the goods—that the claimant had bought and paid a valuable consideration for them before the levy was made under the plaintiffs' execution.—*Kyle v. Ward*, 81 Ala. 122; *Spira v. Hornthall*, 77 Ala. 137. The written charge given at the instance of the plaintiffs asserted, in effect, nothing more than these principles, and was free from error.

We discover no error in the record, and the judgment is affirmed.