# Alexander Brothers *v.* King & Co.

*Contest between Attaching Creditors, for Money in hands of Sheriff.*

1. *Action at law between partners.*—At common law, one partnership could not maintain an action against another, when the two had a common partner; but, under statutory provisions making partnership demands joint and several, an action on a partnership demand may be prosecuted against one of the partners individually (Code, § 2605); and the fact that the partner not sued is also a partner in the plaintiff firm, *it seems*, is no defense to the action.

2. *Contest between attaching creditors; what defects are available.*—A junior attaching creditor, having first obtained judgment, can not claim the proceeds of sale of the attached property, as against the prior attaching creditor, unless the prior attachment, or judgment thereon, is a nullity; and the fact that the cause of action is a partnership demand, the partner not sued being also a member of the plaintiff partnership, does not render the proceedings or the judgment void.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. HENRY C. SPEAKE.

This was a contest between Alexander Brothers and F. R. King & Co., attaching creditors of Paul C. Jones, involving their respective rights to the proceeds of sale of the attached property, in the hands of the sheriff. On motion of F. R. King & Co., whose attachment was levied after that of Alexander Brothers, the court awarded the money to them; and this judgment, to which an exception was reserved by Alexander Brothers, is here assigned as error.

KIRK & ALMON, for appellants, cited Code, § 2605; *Hall v. Cook*, 69 Ala. 88; *Morris v. Hillery*, 7 How. Miss. 61; Lindley on Partnership, 469-70; 2 Bates on Partnership, § 902; *Lacy v. LeBruce*, 6 Ala. 904.

J. B. MOORE, contra, cited *Tindal v. Bright*, Minor. 103; *Hazlehurst v. Pope*, 2 Stew. & P. 259; *Smith v. Strader*; 9 Porter, 449; *Lacy v. LeBruce*, 6 Ala. 904; *Murdock v. Caruthers*, 21 Ala. 785; 51 Ala. 305; 51 Mich. 480; 50 Vt. 668; 11 Oregon, 443; 14 La. 43.

CLOPTON, J.—On motion of appellees, the Circuit Court made an order, that the proceeds of the sale of personal

[Alexander Bros. v. King & Co.]

property, levied on by the attachments sued out by appellants
and appellees, respectively, against Paul C. Jones, be applied
to the payment of the judgment which the latter recovered
March 20, 1889, in their attachment suit.   The attachment
of Alexander Bros. was first sued out and levied, and, so far
as the record discloses, is still pending.   It has the prior
lien, unless some valid reason is shown why it should be
displaced in favor of the lien of the attachment of F. R.
King & Co.   The reason assigned in the order directing the
application of the money is, that the attachment of Alexander
Bros. is founded on a debt contracted by the firm of Alexan-
der & Jones, and Sydney J. Alexander is a member of both
firms, and that the Circuit Court has no jurisdiction to en-
force the payment of the debt.

At common law, one partnership can maintain no action
against another, when one of the partners is a member of
both firms.   The reason is, that the common partner must
necessarily be the plaintiff and defendant, and that a judg-
ment can not be rendered in favor of himself against him-
self.   But, by statute, "any one of the associates, or his
legal representative, may be sued for the obligation of all."
Code, 1886, § 2605.   This statute has been construed to
give a creditor the right to sue any one of the partners, for
a debt contracted by the firm, whether due by account or
otherwise; and that the effect of a suit so commenced is to
change, for the purposes of such suit, the obligation of the
partners from joint to joint and several.   The creditor may
declare on the debt, as the individual liability of the
partner sued.—*Duramus v. Harrison*, 26 Ala. 326; *Hall v.
Cook*, 69 Ala. 87.   Under a statute in Mississippi, declaring
the notes of partners joint and several, it was held, that
a member of a partnership may be co-plaintiff with the other
partners, in a suit on a promissory note against the members
of another firm, of which he is also a partner, provided he is
not joined as a defendant; and that the others can not set
up his liability as a defense.—*Morris v. Hillery*, 7 How. 61.
In *Lacy v. LeBruce*, 6 Ala. 904, it was held, that the death
of a common partner removed the impediment to a suit at
law to recover a demand due by one firm to the other, and
that the survivor of the one may sue the survivor of the
other.   The reason of the rule at common law having ceased
by operation of the statute, it would seem that the rule also
should cease.   But this we need not decide.

The order from which the appeal is taken can not be main-

tained, unless the attachment of Alexander Bros. is a nullity. It was sued out against Jones individually, and founded on his individual liability. It is manifest, that on the principles above stated, the attachment could not be quashed, dissolved or abated, and a complaint counting on the cause of action as therein set forth, would be held sufficient on demurrer. A judgment rendered in such proceedings would not be void. It is evident that the proceedings are not void on their face. On this motion, the court could not look to the extrinsic fact, that Sydney Alexander was a common partner of both firms, in order to determine that the court had no jurisdiction to render judgment against Jones on the attachment proceedings in favor of Alexander Bros., which is, in effect, to determine that the proceedings were not merely irregular, but invalid.—*Buchanan v. Thomason,* 70 Ala. 401. If it were conceded, that Alexander Bros. can not maintain the action, for the reason assigned by the judge in his order, this is matter which the defendant in attachment must set up by plea to the action. Strangers can not intervene, and set up collaterally the liability of the common partner, for the purpose of avoiding the prior lien created by its levy.

Reversed and remanded.