# Dollins & Adams *v.* Pollock & Co.

*Statutory Claim Suit, between Plaintiffs in Attachment and Purchasers from Defendants.*

1. *Defects and irregularities available to claimant.*—On a trial of the right of property under the statute, the claimant can not question the rightfulness of the levy, but is confined to the assertion of his own legal right or title to the property; and though he may assail the validity of the plaintiff's process when it is void, he can not take advantage of any mere irregularities, or reversible errors.

2. *Action against partnership, and against individual partners.*—When the defendants are described in the original process as "O. R. & J. S. Price, partners under the style of Price Brothers," the action is against them individually, and also as a partnership; and execution on a judgment may be levied on the partnership effects, as well as on the property of the persons named as partners.

3. *Publication against non-resident defendant in attachment case.*—The statute authorizing the publication of notice against non-resident defendants in attachment cases (Code, § 2936), is not confined to cases in which the attach·· ent is sued out on the ground of such non-residence, but applies to all cases in which there is a non-resident defendant, without regard to the ground on which the writ is sued out.

4. *Nonsuit set aside, and cause reinstated on trial docket; effect on lien of attachment.*—A voluntary nonsuit in an attachment case, which

[Dollins & Adams v. Pollock & Co.]

is immediately set aside by the court, and the cause reinstated on the trial docket, does not destroy or impair the lien of the attachment as against a claimant who has intervened under the statute to try the right of property.

5. *Affidavit for attachment, as evidence against claimant.*—When an attachment is sued out on the ground that the debtor has fraudulently disposed of his property, and the purchaser of the property intervenes as claimant, the issue being the validity of the transaction between him and the debtor, the affidavit for the attachment is not admissible as evidence for the plaintiff.

6. *General charge on evidence.*—The general charge, like a demurrer to evidence, is an admission by the party asking it of every fact which his adversary's evidence tends to prove, and of every reasonable inference which can be drawn from it, assuming its truth

7. *Sale of goods and store-house, by insolvent debtor to creditor; validity as against other creditors.*—A sale of his entire stock of goods and store-house, by an insolvent debtor to two of his creditors, at a fair valuation, is not, as matter of law, rendered fraudulent and void against other creditors, by the fact that one of the purchasing creditors is a clerk in the store, and his entire salary for the year is estimated as a part of the consideration paid, although he has only served less than six months; nor by the additional fact that the purchasers' notes are taken for part of the agreed price, and are placed in the hands of an attorney, to be applied, when collected, in payment of certain other creditors; these facts being, not conclusive evidence of fraud, but circumstances for the consideration of the jury in connection with all the other evidence.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. WM. E. Clarke.

This was a statutory claim suit, or trial of the right of property in and to a stock of goods, between J. Pollock & Co., plaintiffs in attachment against Price Brothers, and A. J. Dollins and Mrs. M. P. Adams as claimants. The plaintiffs' attachment was levied on the goods on the 4th January, 1889, while the claimants asserted title under a purchase from said Price Brothers, as evidenced by a bill of sale which was dated December 29th, 1888. The attachment was sued out on the ground that Price Brothers had fraudulently disposed of their property. In the affidavit, bond and attachment, as copied in the transcript, the defendants were described as "*O. R. & J. S. Price, partners under the style of* Price Brothers"; but the affidavit stated that "*Price Brothers* have fraudulently disposed of their property," the bond was conditioned for the payment of "all such damages as *Price Brothers* may sustain," and the attachment commanded a levy of the property of the said *Price Brothers.*" Personal notice of the levy of the attachment was given to J. S. Price, and notice was perfected by publication against O. R. Price as a non-resident, he having left the State on the morning after the bill of sale was signed, and before it was delivered.

[Dollins & Adams v. Pollock & Co.]

At the October term, 1889, the attachment suit and the claim suit both standing for trial, the court suggested that the former should be first tried, and the trial was entered upon. The attorney of J. S. Price had entered a motion on the docket to strike out the name of O. R. Price as a party, "on the ground that he had not been served with notice, nor otherwise made a party to the cause;" which motion the court overruled and refused, having first allowed the plaintiffs, against the objection and exception of said J. S. Price, to amend the affidavit, bond, and writ of attachment, by inserting the words above italicized before the words *Price Brothers*, so that the names of the defendants everywhere appeared as "*O. R. & J. S. Price, partners under the style of Price Brothers.*" The attorney for J. S. Price then called the attention of the court to a motion to dissolve the attachment and dismiss the levy, which had been entered on the motion docket; which motion the court overruled, and said Price excepted. The court thereupon suggested to plaintiffs that it would be better to first proceed with the trial of the claim suit, and allowed plaintiffs to withdraw the case from the jury by entering a nonsuit, which was immediately set aside, and the attachment suit reinstated on the trial docket.

The trial of the claim suit being then commenced, the claimants moved the court to dissolve the attachment and dismiss the levy, (1) because the sheriff had made no inventory of the property, nor otherwise identified it in his levy as returned; and (2) "because O. R. Price was never served with notice, nor otherwise made party in any legal way, and said firm of Price Brothers was insolvent when said attachment was sued out and said levy was made." The bill of exceptions states, that the plaintiffs "admitted the facts as stated in said motion;" that the court allowed the sheriff to amend his return, and then overruled the motion, and that the plaintiffs excepted. The plaintiffs then offered in evidence the affidavit for the attachment, the writ itself, and the sheriff's return of a levy; and the court admitted each of these papers, against the objections and exceptions of the claimants.

The claimants offered in evidence the bill of sale for the goods, or conveyance to them by Price Brothers, which also conveyed the store-house; the stock of goods being therein valued at $4,000, and the store-house at $2,000, together aggregating $6,000. The price paid and agreed to be paid,

23

as recited in the conveyance, consisted of the following items: (1) a debt due from Price Brothers to said A. J. Dollins, who was a clerk in their store, for $600; (2) a debt due from them to Mrs. M. P. Adams, who was their sister, amounting with interest to $3,037.50; (3) a debt of $1,080 due from them to Richardson, Brothers & Co., of Nashville, Tennessee, which was secured by a mortgage on the store-house, and which the purchasers assumed and agreed to pay; and (4) the purchasers' separate notes for $641.25 each, —all aggregating $6,000. The debt to Dollins was for one year's salary, or wages as clerk in the store, commencing September 1st. 1888; and he testified in reference to it: "I was to receive $600 and my board, for one year. The contract was by the year, and not a monthly contract. It was so claimed by me, and admitted by them without question." He further testified that he made the purchase reluctantly, and only because he found out that he could not save his debt in any other way. The debt to Mrs. Adams consisted of items for money loaned at different times, her husband acting as her agent; and he testified, on behalf of the claimants, that he examined the books of Price Brothers, a few days before the sale to claimants, with a view to the formation of a partnership with them, and, finding out their financial condition, declined the contemplated partnership, and insisted on payment of the debt due to his wife, the purchase by claimants being the result. The purchasers' two notes, each for $641.25, were made payable, as said Dollins testified, on May 1st, 1890, with interest from date, and were placed in the hands of G. W. Taylor, as attorney, to be by him collected, and the proceeds paid to certain specified creditors of said Price Brothers. The notes were not produced on the trial, but it is stated that the testimony showed they "were still held for said creditors." There was other evidence in the case, and some inconsistencies between different parts of it.

The court charged the jury, at the instance of the plaintiffs, "that if they believed the evidence, they must find the property levied on subject to the levy of plaintiffs' attachment." The claimants excepted to this charge, and requested the following charges in writing: (1.) "The inquiry in this case should be directed to the *bona fides* of the debt, the sufficiency of the consideration, and the reservation of a benefit to the debtors; and if the transaction is not assailable on some one of these grounds, fraud otherwise has no room

[Dollins & Adams v. Pollock & Co ]

for operation." (2.) "That whether there exist the ordinary badges of fraud in this case, whether the debtors intended to hinder or defraud their other creditors, whether Adams & Dollins were swift in the race of diligence for the purpose of defeating other creditors who were pressing their demands, or whether such is the necessary consequence,—are not material inquiries." (3.) "The burden of proof that no benefit was reserved to Price Brothers is on the plaintiffs." (4.) "The intention of Price Brothers in making the sale to Adams & Dollins is not to be considered in determining the legality of this transaction." The court refused each of these charges, and the claimants excepted to their refusal.

The assignments of error embrace the charge given, the refusal of the several charges asked, and all the rulings on the pleadings and evidence above stated.

GEO. W. TAYLOR, for appellants.—(1.) The attachment was void, and the motion to dissolve it should have been sustained.—2 Lawyer's Rep. Annotated, 328; Waples on Attachments, 155; Staats v. Bristow, 73 N. Y. 264. The suit was against one partner only, and only his interest could be attached and subjected. The insolvency of a partnership modifies the general rule as to the joint and several liability of partners for partnership debts, and the subjection of assets to the payment of debts. Here, the insolvency of the partnership was admitted.—Haralson v. Campbell, 63 Ala. 278; Hall v. LeGrand, 69 Ala. 368; 2 Amer. St. Rep. 652; Ladiga Saw Mill Co. Smith, 78 Ala. 108; Tait v. Murphy, 80 Ala. 108; 15 Pac. Reporter, 337; 1 Freeman on Executions, 125. (2.) The affidavit had been amended, and it should not have been admitted as evidence against the claimants.—Peck v. Sell, 3 Conn. 157. (3.) The charges asked should have been given.—Knowles v. Street, 87 Ala. 357; Carter Bros. v. Coleman, 84 Ala. 256; Roswald & Stoll v. Hobbie & Teague, 85 Ala. 73. (4.) The general charge ought not to have been given, because the evidence presented questions of fact which only the jury could decide. (5.) The nonsuit vacated the attachment, and the claimants could take advantage of it.—Jackson v. Bain, 74 Ala. 328; Brown v. Harris, 52 Amer. Dec. 535; 1 Amer. & E. Ency. Law, 297.

TAYLOE & JOHNSTON, and GEO. G. LYON, contra.—(1.) The attachment was against the partnership and the partners individually, and was authorized by the statutes.

[Dollins & Adams v. Pollock & Co.]

Code, § 2605; *Hall v. Cook*, 69 Ala. 87; *Leinkauf & Strauss v. Munter*, 76 Ala. 194; *Yarborough v. Bush*, 69 Ala. 170. (2.) Errors and irregularities in the attachment proceedings are not available to the claimant of the property attached.—3 Brick. Digest 777, § 25; 2 *Ib.* 480, § 71. (3.) The nonsuit, which was immediately set aside, did not affect the lien of the attachment, at least against the intervening claimants.—4 Iowa, 239. (4.) None of the adjudged cases sustain the validity of the transaction here assailed, which was fraudulent in law on the undisputed facts. *Apfel v. Crane*, 83 Ala. 312; *Carter v. Coleman*, 84 Ala. 256; *Tryon v. Flournoy,* 80 Ala. 321; *Leinkauff v. Frenkle*, 80 Ala. 136; *Levy v. Williams*, 79 Ala. 171.

STONE, C. J.—Pollock & Co. sued out an attachment against Price Brothers, which was levied on a stock of merchandise. Dollins and Mrs. Adams as partners, claiming to be purchasers from Price Brothers, interposed a claim to the merchandise, executed a claim bond, and inaugurated what is known in our jurisprudence as a trial of the right of property—a statutory proceeding which answers the purpose of an action of trespass against the sheriff, when it is complained that under process against one he has levied on the personal goods of another. The issue of merit in such trial is formed by an allegation on the part of the plaintiff in the process that the goods levied on are subject to it, and a denial by the claimant of the truth of that allegation. Such suit can be resorted to only when there is another suit, or final process in progress; and in the absence of such suit, or process for the enforcement of a judgment recovered, there can be no rightful resort to this statutory remedy. The statutes define its boundaries.—3 Brick. Dig. 776. In such trial, the claimant is not concerned in the rightfulness of the levy. His right to litigate is confined to his right to the property, and to his legal right as contrasted with any equitable claim he may assert. *Ib.* But, if the process under which the condemnation is sought is void, he can take advantage of its invalidity. Of mere irregularities, or reversible errors, he can not complain.—3 Brick. Dig. 777, § 25.

At the threshold of the trial, the claimants contended that the attachment was void, and should be dissolved. The first ground on which they rest this contention is, that the suit, as they claim, is not against the partnership, but against the

individuals composing it; and that, consequently, only the individual property of the defendants could be attached.  ˙This argument is presented in two aspects, the first of which is, that the suit, as originally framed, was against O. R. Price and J. S. Price as individuals, and not as a partnership.    In suing out this process, alike in the  affidavit and in the attachment, the defendants are described as "O. R. &  J. S. Price, partners under the style of Price  Bros."    A judgment and execution following this description of the defendants would be a judgment and execution against the partnership, and against each individual member named in the process. Under such process, the sheriff would be authorized to seize both partnership effects, and the individual property of the several members composing the firm.—*Leinkauff v. Munter*, 76 Ala. 194; *Pearce v. Shorter*, 50 Ala. 318.    It is difficult to conceive how else process could be framed, so as authorize in one suit, and under one process, the seizure of the property of the partnership, and also of  the individual members composing it.

In opposition to the principle stated above, the appellant relies on certain rulings of this court.    Some of the expressions found in some of those cases may, as general propositions, be misleading; but, interpreted in the light of the facts in the particular cases, they are not opposed to what we have said.    It should be premised, that our statute makes the obligations of partners joint and several, and permits the creditor to sue them jointly or severally, at his option. Code of 1886, § 2605; *Haralson v. Campbell*, 63 Ala. 278; *Hall v. Cook*, 69 Ala. 87; *Hall v. Green*, *I b.* 368; *Alexander v. King*, 87 Ala. 642;  *Alexander v. Jones*, at present term. In the case of *Haralson v. Campbell*, 63 Ala. 278, although the suit was against two persons, describing them as partners, the execution was against the two describing them as individuals, and not stating they were partners.    The form of the judgment is not shown in the report.    There was a motion to quash the execution, "because it directed the money to be made out of the individual effects of the defendants, and not out of the partnership property."    The Circuit Court overruled the motion to quash, and this court affirmed the judgment, saying:    "In this case, the individuals are named and sued as such.    The individual property of each partner is liable to seizure in satisfaction of this judgment."    We did not decide that the partnership effects were not also liable, nor could we have so decided, if the judgment and

execution, like the complaint, had described the defendants as "partners under the name and style of W. J. Haralson & Co." That question was not before us.

In the cases of *Hall v. Cook*, 69 Ala. 87, and *Hall v. Green*, *Ib.* 368, the defendants were sued as individuals, not describing them as partners. Those cases shed no light on the present one.

In *Ladiga Saw-Mill Co. v. Smith*, 78 Ala. 108, three persons were named and sued as partners, and only two were served with process. The Circuit Court rendered judgment against the three. This court corrected the judgment, and affirmed it against the two who had been served. What effect that form of judgment would have in the matter of its collection, was neither considered, nor presented. None of the cases relied on support the view of appellant.

The second aspect of the question we are considering arises on the following state of facts: The attachment, as we have shown, was sued out against "O. R. & J. S. Price, partners under the style of Price Bros." The particular statutory ground of the attachment was, that "the said Price Brothers have fraudulently disposed of their property." The attachment was sued out January 4, 1889. Our statute—Code of 1886, § 2937—requires that, when an attachment is levied, and defendant is a resident of the county, he must be notified of the levy by written notice, either served on him, or left at his residence. Written notice was served on J. S. Price. Other provisions are made for notice, if the defendant resides out of the county, but in the State.

The conveyance which the attachment in this case attacks as fraudulent, was signed Saturday night, December 29, 1888, and was delivered to the purchasers Monday morning, December 31. On Sunday morning, December 30, O. R. Price left his place of residence in Marengo county, with the avowed purpose of going to Florida, and he has never returned. This was before the attachment was sued out, and, of course, no actual notice of its levy was, or could be served on him. As to him there was publication made, under the section of the Code to be presently considered, before the return term of the attachment.

Section 2936 of the Code reads as follows: "When an attachment is sued out against a non-resident of the State, the writ shall be returned to the clerk of the court as soon as levied upon the property of the defendant; and thereupon the clerk shall cause a notice of the attachment and

[Dollins & Adams v. Pollock & Co ]

levy on the defendant's property to be advertised, once a week for three successsive weeks, in some newspaper, a copy of which must be sent by mail to the defendant, if his residence is known, or can be ascertained; and if such publication is perfected twenty days before the next term of the court, the case shall stand for trial at that term; otherwise, at the succeeding term, or any term after the perfection of such publication twenty days prior thereto."

The appellant contends that this section of the Code refers, and only refers, to cases in which non-residence is made the ground for suing out the attachment, and that it is not applicable to attachments based on any of the other statutory grounds.—Code of 1886, § 2930. Reasoning from this postulate, he contends, that O. R. Price is not made a party to the original suit against Price Bros.; that the suit is practically discontinued as to him, and remains only a suit against J. S. Price individually; that under an attachment against J. S. Price individually, only his individual property can be levied on or held under such attachment; that the partnership property is released from the levy, and that the attachment has thereby become void as to the partnership property involved in this suit. We differ entirely with counsel, and hold that section 2936 of the Code, both in letter and spirit, applies to all cases of non-residence of the defendant, no matter which statutory ground is made the basis of the attachment.

Before beginning the trial of this case, the original suit of Pollock & Co. v. Price Bros. was entered upon, the jury organized, and the case partially put before them. At that stage of the trial, the plaintiff took a voluntary nonsuit, and withdrew the case from the jury. Immediately afterwards, on motion of plaintiffs, the court reinstated the case on the docket, and it was then continued. The appellants contend that this was so far an end of the suit against Price Bros. as to destroy the lien of the attachment levy, and that the same thereby became null and void. It can not be gainsaid, that a successful issue of the main suit—the one in which the attachment issues—is necessary to the final establishment of the lien. A failure of that suit, by a judgment for the defendant, is a discharge of the lien created by the levy. Until judgment recovered, the lien is provisional.—1 Brick. Dig. 162, §§ 108, 113; *Clapp v. Bell*, 4 Mass. 99; *Suydam v. Huggeford*, 23 Pick. 465; *Franklin Bank v. Bachelder*, 39 Amer. Dec. 609, note.

[Dollins & Adams v. Pollock & Co.]

In *Brown v. Harris*, 2 G. Greene, 505; s. c., 52 Amer. Dec. 535, an attachment returnable to a justice of the peace had been levied. On the day set for the trial, the plaintiff failed to appear, and was nonsuited. There was a statute in that State—Iowa—allowing such nonsuit to be set aside on showing, if moved for within six days. Motion was made within the six days, the nonsuit set aside, and judgment rendered for the plaintiff. The question was, whether setting aside the nonsuit restored the lien, and the court ruled it did not. In *Harrow v. Lyon*, 3 G. Greene, 157, the case of *Brown v. Harris* was followed, the same judge delivering the opinion. These decisions were rendered in 1850, 1851. In the case of *Danforth v. Carter*, 4 Iowa, 230, decided in 1856, the same court shook the authority of these cases.

In the case of *O'Connor v. Blake*, 29 Cal. 312, the justice before whom the attachment was pending nonsuited the plaintiff. Subsequently he set aside the nonsuit, and the parties being present, he tried the case, and gave judgment for the plaintiff. The court held that the justice had no authority to set the nonsuit aside, and that his unauthorized act in doing so did not revive the lien which had been lost by the nonsuit. This decision was rested, it will be seen, on the absence of authority in the justice to set aside the nonsuit.

This court, as well as the courts of many other States, holds that a failure of the attachment suit, and subsequent judgment for the defendant, are *prima facie* a discharge of the lien; yet, if on appeal the judgment is reversed, the lien continues.—*Danforth v. Carter*, 4 Iowa, 230; *Hackett v. Pickering*, 5 N. H. 459; *Caperton v. McCorkle*, 5 Grat. 177.

It is said that the judgments of a court, during the term at which they are rendered, are in the breast of the judge. They are manifestly so far under his control, as that he can modify them, or set them aside; and his last record utterance in any given case is the judgment in that case, in whole or in part, unless it is void on its face. Of course, in a proper case, it can be reviewed, and may be reversed, after which it ceases to be the judgment; but, until reversed, it determines the *status* of the case, and of the parties to it. We can not assent either to the reasoning or conclusion of the court in *Brown v. Harris*, 2 Greene, *supra*. We hold that the nonsuit taken in the case of Pollock & Co. v. Price Bros., set aside as it was before the term of the court at which it was taken, left the lien of the attachment levy as it existed before

the nonsuit. There was no error in overruling the motion to dissolve the attachment, or in refusing to declare the levy void.

The Circuit Court erred in allowing the affidavit for attachment to be given in evidence by the plaintiffs. It was an *ex-parte* statement, and we know of no rule of evidence for letting it in.—*Taliaferro v. Lane,* 23 Ala. 369.

At the request of the plaintiffs, the court charged the jury that, if they believed the evidence, they must find the property levied on subject to the levy of the attachment. The question before the jury was, whether or not there was fraud in the alleged sale to Dollins and Mrs. Adams. The rules for giving or refusing the charge requested have been so often declared that it would almost seem unnecessary to repeat them.—3 Brick. Dig. 109. The general charge, like a demurrer to evidence, is an admission, against the party invoking it, of the truth of every fact which the adversary's testimony tends to prove, and of every reasonable inference that can be drawn from such testimony, conceding it to be true.

Taking the record for our guide, we suppose the alleged indebtedness of Price Brothers to their sister, Mrs. Adams, claimed to have been three thousand dollars, was the subject of the severest contest of fact which the trial developed. The general charge ignored that contest—ignored all the circumstances relating to it brought out on the trial—ignored the relationship of the parties, and conceded that Price Brothers did owe her the three thousand dollars. There was no denial of the indebtedness to Richardson, secured by mortgage, which the purchasers assumed to pay; and the testimony proved that the contract price, six thousand dollars, was about a fair estimate of the value of the real and personal property purchased. This narrowed the elements of fraud, implied in the general charge, to two items; the alleged indebtedness of six hundred dollars from Price Brothers to Dollins, and the fact that in making up the purchase price the notes of the purchasers, aggregating twelve hundred and eighty dollars, were accepted and computed. As to the alleged indebtedness to Dollins, if the testimony be true, it was a debt, liable to be reduced in certain contingencies.—*Liddell v. Chidester,* 84 Ala. 508, and citations. The notes given to make up the amount of the purchase were not delivered to Price Bros., if the testimony be believed. They were placed in the hands of another, to be used in payment

[Meriwether v. Lowndes County.]

of other debts of Price Bros.—*Rankin v. Vandiver*, 78 Ala. 562. These two facts do not necessarily, and *per se*, stamp the transaction as fraudulent, as matter of law. Like the other facts in the case, they were for consideration by the jury, under proper instructions. The court erred in giving the general charge.

In the defense relied on in this case, the claimants set up that they purchased the goods in payment of debts due from Price Bros. to them severally. Whether those debts existed as claimed, was a very important inquiry. Upon that inquiry, and upon all other inquiries of fact, we disclaim all intention of intimating any opinion. These are questions for the jury, under proper instructions. We have so often declared the rules which should govern in such trials as this that we will not repeat them. We cite several of our decisions which bear on the questions raised —*Hubbard v. Allen*, 59 Ala. 283; *Hamilton v. Blackwell*, 60 Ala. 545; *Harrell v. Mitchell*, 61 Ala. 270; *Thames v. Rembert*, 63 Ala. 561; *Donegan v. Davis*, 66 Ala. 362; *Lipscomb v. McClellan*, 72 Ala. 151; *Crawford v. Kirksey*, 55 Ala. 293; *Lehman v. Kelly*, 68 Ala. 192; *Seaman v. Nolen*, *Ib.* 463; *Rankin v. Vandiver*, 78 Ala. 562; *Levy v. Williams*, 79 Ala. 171; *Hodges v. Coleman*, 76 Ala. 103; *Meyer v. Sulzbacker*, *Ib.* 120; *Leinkauff v. Frenkle*, 80 Ala. 136; *Tryon v. Flournoy*, *Ib.* 321; *Bray v. Comer*, 82 Ala. 183; *Apfel v. Crane*, 83 Ala. 312; *Carter v. Coleman*, 84 Ala. 256; *Jefferson Co. v. Savings Bank*, *Ib.* 529; *Roswald v. Hobbie*, 85 Ala. 73; *Stix v. Keith*, *Ib.* 465; *McDowell v. Steele*, 87 Ala. 493.

The first chaage asked by claimants, should have been given. Charges No. 2 and 4 were misleading. Charge No. 3 has the word "no" improperly in it, probably by miscopy. With that word omitted, it should be given.

Reversed and remanded.